CAMDEN FIRE INS. ASS'N v. BAIRD et al.
(No. 7556.)

(Court of Civil Appeals of Texas. Dallas. May 20, 1916. Rehearing Denied July 1, 1916.)

1. ACCORD AND SATISFACTION ⬥17 — EVIDENCE—SUFFICIENCY.

Where the insurer offered to pay $385 on a policy loss of $500, and the insured agreed to accept it, but on tender of such sum refused it, there was at most an accord without satisfaction, and such facts were not a defense to the suit on the policy.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 123; Dec. Dig. ⬥ 17.]

2. ACCORD AND SATISFACTION ⬥17 — EVIDENCE—SUFFICIENCY.

The general rule is that action on the original claim may be maintained, where it appears there was an accord, but no satisfaction, unless the agreement to execute the accord was accepted in lieu of performance.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 123; Dec. Dig. ⬥ 17.]

3. INSURANCE ⬥582—LIABILITY—CLAIMS.

Where the trustee, to whom an insurance policy was payable as his interest might appear, in suit on the policy by the owner, answered, disclaiming interest, the owner's right to recover the full amount due under the policy, was established, and not cut off by his disclaimer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1448–1451, 1453, 1454, 1485; Dec. Dig. ⬥582.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Emma C. Baird against the Camden Fire Insurance Association and another. Judgment on directed verdict for plaintiff, and for C. H. Verschoyle, defendant, for costs, and defendant Insurance Company appeals. Affirmed.

Senter & Synnott, of Dallas, for appellant. Short & Feild, of Dallas, for appellees.

RASBURY, J. Appellees sued appellant upon a policy of insurance issued by appellant, insuring Martha Beaupre against all direct loss or damage by fire to the two-story frame building at 901 West Ninth street, Dallas, Tex., in an amount not to exceed $500. Appellees alleged that while the policy was in force the insured premises were totally destroyed by fire, and that at the time of the fire they were the owners of the insured premises and the beneficiaries in the policy,

by assignment with appellant's consent, and that after the fire they observed and performed all things required of them by the policy, and that appellant, after investigation, offered them a sum of money less than the face of the policy, which they refused. Appellees also alleged that, while any loss under the policy was payable to C. H. Verschoyle, trustee, as his interest might appear, who was made a party defendant, he in fact had no interest in the loss.

Appellant did not deny the issuance of the policy, but pleaded accord and satisfaction thereunder, alleging in that connection that the parties, after investigating the loss, and after appellees had made formal proof thereof, adjusted same and agreed upon the sum of $385.71 as appellees' damages, which amount was thereafter tendered appellees, which they refused, and which tender was repeated on trial. There were other defenses pleaded by appellant, which were, upon presentation of demurrers, held insufficient to constitute a defense to the suit. Exceptions to that action will be noted when considering appellant's assignments bringing same into review.

C. H. Verschoyle, trustee, appeared and answered that he was interested in the loss only as trustee, but in that respect made no claim to same, nor asked any affirmative relief against either appellant or appellees.

At trial the following undisputed facts were proven: Appellees tendered in evidence the policy issued originally to Martha Beaupre, but which by successive assignments, consented to by appellant and following the mutations of the insured premises, named appellees as beneficiaries, with the loss payable to C. H. Verschoyle, trustee, as his interest might appear. Mrs. Emma C. Baird testified that she was the owner of the premises described in the policy of insurance, that they were completely destroyed by fire prior to suit, and that nothing had been paid on the loss. On cross-examination she testified that at the time of the fire there was another policy of insurance on the premises in the sum of $3,000 in the New Jersey Fire Insurance Company. Counsel for appellant tendered her a proof of loss, the signature to which she identified as hers, and which was the proof of loss mentioned in that portion of appellant's pleading held insufficient, and which will herein be referred to. Appellant, declining to amend its pleading, was not permitted to offer further testimony, whereupon the court instructed the jury to, and they did, return verdict for appellees for the amount of the policy, and in favor of Verschoyle, trustee, for costs. Judgment was in accordance with the verdict, from which entry this appeal is prosecuted.

[1, 2] The first assignment of error challenges the court's action in sustaining what was in substance a general demurrer to the second paragraph of appellant's answer. The proposition advanced is that the facts therein alleged, if true, presented the defense of accord and satisfaction, and hence should have been submitted to the jury for determination. The facts so alleged were in substance that after the fire appellant agreed to pay, and appellees agreed to accept, $385.71 in full of all claims under the policy; the consideration being that appellant had a good defense to appellees' claim under the policy. Thereafter, and in accordance with said agreement, appellant tendered appellees the amount agreed upon, which was refused. By the pleading such tender was repeated.

The facts related do not in law constitute a defense to appellees' right to recover upon the policy of insurance, since they at most show an accord without satisfaction. The general rule is that action on the original claim may be maintained, where it appears there was an accord, but no satisfaction, unless the agreement to execute the accord was accepted in lieu of performance. 1 C. J. 530, § 17; 1 R. C. L. 199, §§ 35, 36. The facts recited in that portion of appellant's answer, to which we have referred show an unexecuted or unsatisfied accord, which is not enforceable, and fail to show that appellant's promise to satisfy or execute the accord was accepted in lieu of performance or satisfaction, which would have made the accord enforceable. The rule stated is long settled and uniformly applied in this state. McGehee v. Shafer, 15 Tex. 198; Overton v. Conner, 50 Tex. 113; Gulf, etc., Ry. Co. v. Gordon, 70 Tex. 80, 7 S. W. 695; Gulf, etc., Ry. Co. v. Harriett, 80 Tex. 73, 15 S. W. 556; Miller v. Consolidated Elec. St. Ry. Co., 104 Tex. 57, 133 S. W. 866. The rule is, in our opinion, conclusive of all other issues arising under said assignment, as well as appellant's second assignment, and for that reason we pretermit further discussion of the same.

[3] The third assignment of error complains of the court's action in sustaining what was also in substance a general demurrer to the third paragraph of appellant's answer. The contention is that the facts recited in said paragraph presented a good defense to the suit. Those facts, which are accepted as true on demurrer, were in substance that, while the policy was issued to appellees, the loss was payable to C. H. Verschoyle, trustee, to secure the National Surety Company against loss on an indemnity bond written by it in favor of Mrs. Beaupre, to whom the policy was originally issued, and that neither Verschoyle nor the National Surety Company claimed or asserted any liability against appellant under the same.

Conceding the facts related to be true, yet they tend rather to establish than disprove appellees' right to maintain the suit. The policy attached to appellees' petition, the issuance and delivery of which was not denied by appellant in its answer, insured the building for the benefit of Mrs. Beaupre, with the loss payable to Verschoyle, trustee, as his interest might appear. Based upon transfers

of the property, appellees by successive assignments of the policy, consented to by appellant, through its agent, C. H. Verschoyle, became subrogated to the rights of Mrs. Beaupre, and entitled to recover thereon for the full amount, unless it was made to appear that Verschoyle had some interest in same. Andrews v. Union Central Life Ins. Co., 92 Tex. 584, 50 S. W. 572. He was made a party to the suit and claimed no interest whatever in the proceeds.

The contention that appellees could not recover, because Verschoyle, or the National Surety Company, had no interest in the policy, is without support in the contract (the policy) or in law. Appellant insured the property, and agreed to pay any damage thereto by fire to appellees, after having first satisfied any claim of Verschoyle, trustee. Verschoyle might or might not have had an interest therein. Hence it was necessary for him, when made a party, to assert his interest. He in effect disclaimed any interest at all. Both appellant and appellees also denied that he had any interest in same. Thereupon the full amount was due appellees, in the absence of other available defenses. Such was the holding in Andrews v. Insurance Co., supra.

Finding no reversible error in the record, the judgment is affirmed.