### ASHBROOK v. NEAL et al.

#### No. 4703.

Court of Civil Appeals of Texas. Amarillo.

Feb. 8, 1937.

Rehearing Denied April 5, 1937.

Monning & Akin, of Amarillo, for appellant.

Carl Gilliland, of Hereford, for appellees.

JACKSON, Justice.

The appellee W. E. Neal on a directed verdict obtained a judgment in the district court of Deaf Smith county on August 31, 1935, against J. O. Newell for the sum of $14,472.94, and a decree foreclosing his lien against J. O. Newell, Lizzie B. Ashbrook, and E. D. and H. K. Fox upon lot 22 and the north half of lot 21, in block 18, in the town of Hereford.

No complaint is made of the judgment by any of the parties except Mrs. Lizzie B. Ashbrook, who, by writ of error, prosecutes this appeal.

After general demurrer, special exceptions, and general denial, she alleged as a defense that in the spring of 1934, acting by and through her son, R. W. Ashbrook, who was her duly authorized agent, she entered into a contract with appellee whereby it was mutually agreed between them that she would give a deed conveying the real estate and a bill of sale conveying the furniture and fixtures belonging to her in Hereford, Tex., to appellee, and in consideration therefor he would give and she would accept a surrender and cancellation of the note sued on. That in compliance with such agreement, appellee's attorney,

Mr. Gilliland, about May 25, 1934, forwarded to her at her home in Spicard, Mo., a deed and a bill of sale which when executed by her would convey the real estate and all the furniture and fixtures she owned in Hereford to appellee, for and in consideration of the surrender and cancellation of such note, and about May 29th thereafter she executed the deed and executed a bill of sale by which she attempted to convey all the furniture and fixtures owned by her and located in Hereford, Tex. That she mailed said instruments to Mr. Gilliland, who received them in Hereford in due course of mail, but returned them, advising her in writing that they were not satisfactory to appellee who was withdrawing the agreement. That but for the unequivocal refusal of appellee to abide by the contract, and his breach and repudiation thereof, the appellant would long since have performed and has been at all times and still is ready, able, and willing to perform according to the terms of the settlement agreement.

■ Appellant challenges as error the action of the court in peremptorily instructing the jury to find in favor of appellee for the amount of said note, and for the foreclosure of said deed of trust lien, asserting that there was some evidence that appellee and appellant entered into a subsequent agreement superseding the note and deed of trust upon which appellee based his suit.

There is in the record no money judgment against appellant for the amount of the note. After directing the sale of the property as under execution, the proceeds of the sale were to be applied, first, to the payment of all costs, and, second, to the payment of appellee's judgment, and if the land should sell for more than sufficient to satisfy the costs and judgment, the excess was to be paid to appellant, and in the event the land does not sell for a sufficient amount to pay the costs and judgment, "then no execution shall issue against the property of either of the defendants herein for the payment of any unpaid balance thereof." It is obvious from this that appellant's assignment attacking the peremptory instruction for a judgment "for the amount of the note" is without merit.

■ The record shows that appellant was the owner of the real estate involved, subject to the lien of appellee to secure the payment of $14,472.94, which in the

suit was reduced to a judgment. On May 25, 1934, Mr. Gilliland inclosed a deed to the land and a bill of sale to all the furniture and fixtures owned by appellant in Hereford in a letter addressed to Mr. Roy Ashbrook in which it is stated: "Mr. Neal says that he will take a deed to the building and a bill of sale to the furniture and fixtures that are located here and surrender the note. This as I understand is in accordance with your proposition made to him."

Said deed was executed by the appellant, but the bill of sale was not signed as forwarded, but was rewritten and some of the furniture and fixtures included in the original agreement and described in the bill of sale forwarded by Mr. Gilliland were omitted. Upon receipt of the deed to the land and the rewritten bill of sale, the appellee had his attorney write Mr. Roy W. Ashbrook, under date of June 2, 1934, as follows:

"Received yours of the 29th with deed and bill of sale of Mrs. Ashbrook enclosed. They are not satisfactory to Mr. Neal and I am herewith returning them to you.

"Mr. Neal instructs me to withdraw his offer of settlement which I am here doing."

Some time thereafter the appellant executed the bill of sale as originally prepared by appellee's attorney, and her son inclosed it to Mr. Gilliland in a letter under date of June 18, 1934, in which he stated: "Enclosed you will find the bill of sale of the furniture and fixtures that you made out."

Mr. Ashbrook, while testifying in behalf of his mother, stated in substance that when he received the letter from Mr. Gilliland returning the deed to the land and the bill of sale to the furniture and fixtures, he carried the bill of sale to his mother and told her that Mr. Neal would not accept the proposition as contained in the rewritten bill of sale, and she would have to sign the original bill of sale as prepared and forwarded by Mr. Gilliland; that she then signed said original bill of sale, and he, on June 18th, forwarded it to Mr. Gilliland in a letter, which date was after he understood the property had been advertised for sale under the deed of trust; that the arrangements made by him with Mr. Neal for the release of his mother from the note was in effect that his mother would deed the real estate and convey all the furniture and fixtures she

owned in Hereford to appellee for and in consideration of the surrender and cancellation of the note; that the reason he rewrote the bill of sale was that he believed he could get the appellee to come down to a little better proposition; that he wanted to see if he could get a settlement with appellee and leave the fixtures and furniture out because he thought the building conveyed was worth the amount of the note, and the reason his mother did not execute the bill of sale when first received from Mr. Gilliland was because he was trying to get a better proposition; that he thought appellee ought not to have all the furniture and fixtures, and that was the reason he changed the bill of sale.

This testimony is not disputed, and in our opinion the only reasonable conclusion to be reached therefrom is that appellant, through her agent, proposed to convey the land by a deed and all the furniture and fixtures which she had in Hereford by a bill of sale to appellee for and in consideration of his surrender and cancellation of the note upon which he sued, and that appellee's acceptance of the proposition was based upon appellant's compliance therewith.

Appellant contends that the proposition she made and its acceptance by appellee constituted a new agreement, and the note and lien were thereby terminated, and since the failure to perform a substituted contract does not revive the original one, the appellee could not maintain his suit against her on the note and deed of trust.

In Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 15 S.W. 556, Judge Gaines quotes with approval this statement in Chitty on Contracts: "Upon the whole, the true distinction would seem to be between the cases in which the plaintiff has agreed to accept the promise of the defendant in satisfaction, and those in which he has agreed to accept the performance of such promise in satisfaction; the rule being that, in the latter case, there shall be no satisfaction without performance, while in the former, if the promise be not performed, the plaintiff's only remedy is by action for the breach thereof, and he has no right to recur to the original demand."

1 C.J., p. 530, announces the law as follows: "To constitute a bar to an action on the original claim or demand, the accord must be fully executed unless the agreement or promise instead of the performance thereof is accepted in satisfaction."

Both of the above quotations are cited with approval by the Supreme Court in Ferguson-McKinney Dry Goods Co. v. Garrett (Tex.Com.App.) 252 S.W. 738.

There is nothing in the record to authorize a finding that appellee accepted the promise of appellant to convey the land, furniture, and fixtures to him for the cancellation of the note. The record shows without substantial controversy that the performance of the promise by appellant to convey the land, furniture, and fixtures is what appellee agreed to accept in cancellation of the note.

In our opinion this case is controlled, not by the law of novation—a new and substituted agreement for the old one—but by the law of accord and satisfaction. Appellant did not perform the agreement made by her, and appellee, upon her refusal to execute the conveyance as per the original contract, withdrew from the settlement agreement.

"Until satisfaction an accord is revocable at the pleasure of either party. An unexecuted accord is not enforceable by action; and in as much as there is no satisfaction of the original obligation, it remains in force and the creditor has his remedy by action to enforce it." 1 C.J., p. 533, par. 23.

"To be operative as a bar to an action on an original demand, an accord must be executed in accordance with its terms and stipulations, for it is well-settled that an accord without satisfaction does not bar a suit on the original claim. And the execution of the accord must be complete, a partial execution being of no effect." 1 Tex.Jur. p. 284, par. 39.

The judgment is affirmed.