MRS. BLANCHE M. ALEXANDER ET AL V. W. B. HANDLEY.

No. 7542. Decided January 22, 1941.
Rehearing overruled February 19, 1941.
(146 S. W., 2d Series, 740.)

*J. Hardy Neel, Ervin Neel* and *Montgomery & Campbell,* all of Dallas, for plaintiffs in error.

The written agreement sued on in this case does not purport to operate as a merger and bar to the prior existing claim of the defendant in error (plaintiff in the lower court), unless and until the $10,000.00 therein specified was paid as stipu-

lated and therefore the said agreement does not evidence a valid compromise and settlement agreement, but instead is nothing more than an executory accord. Texas & Pac. Ry. Co. v. Poe, 131 Texas 337, 115 S. W. (2d) 592; 9 Tex. Jur. 334 to 337; 12 C. J. 315.

*John Davis* and *Bailey & Shaeffer*, both of Dallas, for defendant in error.

The plaintiffs in error (defendants below) in a suit brought by the defendants in error upon the compromise and settlement agreement prior to their breach of such agreement could have properly interposed it as a defense to the original cause of action or demand, since it was based upon mutual concessions and promises. However, upon breach of such agreement it is optional with the defendant in error to proceed upon his reserved right of action on breach of the compromise or directly upon the compromise agreement itself, as he still had the right that he would have had under any other bilateral contract after breach. Scott v. Lott, 247 S. W. 685; Blythe v. Speak, 23 Texas 429; Torrey v. Cannon, 171 N. C. 519, 88 S. E. 768; Hoffman v. Ins. Co. 32 N. Y. 413, 88 Am. Dec. 337.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit is by defendant in error, an attorney at law, against plaintiffs in error on a written agreement, whereby, in settlement of a controversy as to the amount of compensation owing to defendant in error for professional services rendered over a period of several years, plaintiffs in error agreed to pay the sum of $10,000.00. Judgment of the distict court in favor of defendant in error against palintiffs in error for said sum with interest was affirmed by the Court of Civil Appeals. 123 S. W. (2d) 379. The facts as to the performance of the services, the dispute as to the amount due and the execution of the written agreement are set out in the opinion of the Court of Civil Appeals and need not be repeated. It is sufficient here to state that there in fact existed a disagreement and controversy as to the amount owing for services rendered and that the parties, for the purpose of compromising and settling their differences, made and executed the following written agreement:

"Dallas, Texas,
July 26th, 1935.

"Mr. Winfield Morten,
"Dallas, Texas.

"Mrs. Blanche M. Alexander,

"Dallas, Texas.

"Dear Sir and Madam:—

*In re: Estate E. W. Morten, Deceased.*

"To compromise and settle the matter of the amount owing me for services rendered you in connection with this Estate, this will confirm the agreement this day made through L. O. Handley, whereby it is understood that in full and final settlement for such services I shall be paid the sum of $10,000.00, payable $5,000.00 on or before November 1st, 1935 and $5,000.00 on or before November 15th, 1935. Upon payment of such sums, both of you shall stand fully released and discharged from all claims and demands of every character which I now hold or may be entitled to against either of you.

"It is understood, however, that if such amounts are not paid as above specified, then I shall stand discharged of my agreement to accept $10,000.00 in compromise and settlement of my claim for services rendered, and in any suit which I may institute within three months after November 15th, 1935 for the full amount I contend is due me for my services, neither of you will interpose as a defense therein any statute or law of limitation of this State. This provision shall not be construed as an admission on your part of any amount and is placed herein for the purpose of tolling the statutes of limitation in the event the $10,000.00 is not paid as above specified.

Very truly yours,

W. B. Handley

"July 26th, 1935.

"We hereby agree and bind ourselves to perform and carry out the above stipulation and agreement in accordance with the provisions thereof.

*Winfield Morten,*

*Mrs. Blanche M. Alexander.*"

The contentions made by plaintiffs in error in the Court of Civil Appeals are fully stated in the opinion of that ocurt. They are directed to the construction of the written agreement. The substance of them is that plaintiffs in error did not in the agreement promise or bind themselves to pay the $10,000.00 at the time specified but that the purpose of the contract was, and the proper construction to be placed upon it is, that it gave plaintiffs in error the right either to pay the agreed sum of $10,000.00 or to waive limitation in a suit brought on the original claim, that is, that performance of the agreement of

settlement by the payment of $10,000.00 was left to the option of plaintiffs in error.

We agree with the construction given the contract by the Court of Civil Appeals, thus stated in the opinion by Associate Justice Looney:

"In the first paragraph, appellants obligated themselves unequivocally and unconditionally to pay appellee $10,000 in two installments of $5,000 each. The provision in the second paragraph, discharging appellee from any obligation to accept $10,000.00 in settlement of his claim, in the event appellants failed to pay the amount agreed upon, within the time stipulated, was for the benefit of appellee, in order to coerce performance by appellants, and is not susceptible of the construction of being merely an option, giving them the right to refuse payment entirely, as they now contend."

■ The contract is in the form of a letter written by defendant in error to plaintiffs in error. It provides that in full and final settlement for services rendered by him he shall be paid the sum of $10,000.00, payable $5,000.00 on or before November 1, 1935, and $5,000.00 on or before November 15, 1935. At the bottom of the letter and over the signatures of plaintiffs in error is the statement that they agree and bind themselves to perform and carry out the above stipulation and agreement in accordance with the provisions thereof. By this they agreed and bound themselves to pay the sum of $10,000.00 to defendant in error in two equal installments on or before November 1 and November 15, 1935. The provisions of the second paragraph of the agreement are clearly intended for the benefit of defendant in error, expressly saving to him the right to sue on the original claim, should he desire to do so, upon failure of plaintiffs in error to perform the agreement of settlement.

■ In the application for the writ plaintiffs in error, while conceding that distinctions between "compromise and settlement" and "accord and satisfaction" are shadowy and usually of little practical importance, and that they have found no Texas case making a distinction between the two terms, insist that the written agreement in this case does not evidence a compromise and settlement, but is properly classified as an executory accord. After thus designating or classifying the agreement they present the proposition that, since the agreement was an executory accord, it could be revoked at the

pleasure of either party and cannot be enforced by defendant in error by action thereon.

Without undertaking to discuss the distinctions between the two terms, we assume for consideration of the proposition last stated that the agreement is an executory accord. It is a bilateral contract by which plaintiffs in error agreed to make satisfaction by paying $10,000.00 within a certain time and defendant in error promised to accept it if then paid. The agreement when made was not unilateral and it was clearly binding upon both parties from the time of its execution to the date named for performance by plaintiffs in error, defendant in error having agreed to accept the promised payment, if made at that time, in full satisfaction of the original claim.

While the proposition presented by plaintiffs in error seems to be that the agreement was never binding upon either party, the tenor of the argument under it is that the agreement was, or became, not enforceable as to defendant in error after November 15, 1935, and therefore unilateral and lacking in mutuality, because after that date defendant in error was not bound to accept $10,000.00. A number of authorities are cited as supporting the position thus taken. All of the cases cited announce the rule that an unexecuted accord is no defense to a suit on the original cause. The sound principle supporting the rule is that the creditor has agreed to accept performance in discharge of the original claim and that to limit his rights to suit upon the accord "would in effect put him in the same position that he would have occupied if he had agreed to accept the accord and not its performance as the satisfaction of the debt." Accord and Satisfaction, by Samuel Williston, 17 Harvard Law Review, pp. 459, 462; Williston on Contracts, (1920 Ed.) Vol. 3, p. 3164, Sec. 1842.

The Texas decisions relied upon by plaintiffs in error are Ashbrook v. Neal, 103 S. W. (2d) 1101; Cobb & Gregory v. Parker, (Com. App.) 236 S. W. 1108; Street v. Smith Brothers Grain Co., 255 S. W. 778; Camden Fire Insurance Co. v. Baird, 187 S. W. 699; Ferguson-McKinney Dry Goods Co. v. Garrett, (Com. App.) 252 S. W. 738; Tomson v. Heidenheimer, 16 Texas Civ. App. 114, 40 S. W. 425. In each of these cases the defendant pleaded an unexecuted accord in defense of the plaintiff's suit on the original demand and in each case it was held that such accord did not constitute a defense. Plaintiffs in error have cited no decision, and we have found none, holding that after breach by the debtor of a valid executory agreement of accord the creditor may not sue on the accord.

The opinions in some of the cases last above cited contain statements or quotations to the effect that an unexecuted accord is not enforceable by action and that prior to satisfaction an accord is revokable at the pleasure of either party. Neither the decisions made in the cases in which such statements appear nor the authorities cited to sustain the text from which the quotations are taken give support or justification for a rule so broad and unqualified. It is sufficient here to cite well considered decisions in which executory accords have been enforced in favor of debtors who, in accordance with the terms of such agreements, tendered performance which the creditors refused to accept. Bradshaw v. Davis, 12 Texas 336; Very v. Levy, 13 Howard 345, 14 L. Ed. 173; Union Central Life Insurance Co. v. Imsland (U. S. C. C. A.) 91 Fed. (2d) 365; 1 Tex. Jur. p. 289, Sec. 41; Note 16 Texas Law Review, pp. 101-103.

■ It is our opinion that the correct rule applicable to the contract and the facts of the instant case is that thus stated by Mr. Williston: "If, however, it is the performance of the accord which is to be the satisfaction of the claim, the creditor may, on default in performance of the accord by the debtor, sue either on the accord or on the original cause of action." Accord and Satisfaction, Williston, 17 Harvard Law Review, pp. 459, 465; Williston on Contracts, (1920 Ed.) Vol. 3, p. 3170, Sec. 1848. The substance of this rule is incorporated in Section 417 of the Restatement of the Law of Contract, which section is as follows:

"Except as stated in Secs. 142, 143 with reference to contracts for the benefit of third persons and as stated in Sec. 418, the following rules are applicable to a contract to accept in the future a stated performance in satisfaction of an existing contractual duty, or a duty to make compensation:

"(a) Such a contract does not discharge the duty, but suspends the right to enforce it as long as there has been neither a breach of the contract nor a justification for the creditor in changing his position because of its prospective non-performance.

"(b) If such a contract is performed, the previously existing duty is discharged.

"(c) If the debtor breaks such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract.

"(d) If the creditor breaks such a contract, the debtor's original duty is not discharged. The debtor acquires a right of

action for damages for the breach, and if specific enforcement of that contract is practicable, he acquires an alternative right to the specific enforcement thereof. If the contract is enforced specifically, his original duty is discharged."

The rules set out in the above quoted section of the Restatement of the Law of Contracts make the obligations of a valid contract of accord binding both upon the debtor and upon the creditor. To sustain the contention of plaintiffs in error that the contract was wanting in mutuality after November 15, 1935, and was not enforceable either as to defendant in error or as to them because defendant in error was not bound after that time to accept $10,000.00 would be to permit them by their own breach to avoid the obligations of the contract.

It is our opinion that the Court of Civil Appeals correctly construed the contract and that defendant in error, on default in performance of the contract by plaintiffs in error, had the right of election to sue either on the new contract or on the original cause of action.

The judgments of the district court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court January 22, 1941.

Rehearing overruled February 19, 1940.