**A. D. THOMPSON, Appellant,**

v.

**E. L. PECHACEK, Appellee.**

**No. 16404.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 15, 1963.

Bagby & Atkins, and Bill Atkins, Arlington, for appellant.

Nelson, Montgomery & Robertson, and Charles B. Russell, Jr., Wichita Falls, for appellee.

LANGDON, Justice.

This is a suit for damages on a written contract dated July 10, 1956, by which A. D. Thompson, appellant, leased his land and cattle to E. L. Pechacek, appellee. In his petition the plaintiff alleges that during periods in 1958 and 1959, cows and calves were lost, stolen or strayed and that appellee is liable to him for 70% of their value. That because he failed to keep fences in good repair the registered and nonregistered cattle were allowed to breed thereby reducing the value of registered stock; that cows and bulls were separated for more than three months resulting in the loss of production of 20 calves; that, appellee failed to cultivate certain lands which he was required under the contract to plant resulting in loss of rentals to appellant.

That because appellee failed to keep fences, corrals, houses, barns and other property in a good state of repair the appellant incurred necessary and reasonable expense to restore said property. That he was not reimbursed for $75.46 advanced by him for feed which was not used and that appellee sold water from tanks and retained the money. That the appellant through error overpaid appellee by $1,408.75 on cattle sold to date. Appellant prayed for the total of the damages alleged amounting to $9,440.89. In his answer to appellant's petition the appellee, E. L. Pechacek, subject to various exceptions, plead the 2 year statute of limitation. He alleged that the contract was terminated by agreement in the fall of 1956 after which John Pechacek, son of the appellee, had assumed all obligations under the contract. That thereafter in 1959 the plaintiff and John Pechacek reached a complete and final settlement of all the items of damages alleged in plaintiff's petition for the sum of $790.46. That a check in this amount was tendered by John Pechacek and accepted by the plaintiff in complete settlement. That it was agreed at the time that if any of the cows alleged to be lost were later found the plaintiff would pay John Pechacek for such cows.

John Pechacek is not named as a party to the suit and no relief is sought against him.

The case was tried before a jury and it found in answer to various special issues that 5 cows of the value of $150.00 each were missing at the final roundup in April, 1960, and that 4 calves of the value of $50.00 each were missing at the same time.

That E. L. Pechacek failed to repair and maintain fences and the ranch house and that the value of labor necessary to repair the fences was $200.00 and to repair the ranch house was "none".

The jury found that E. L. Pechacek had not advised plaintiff that he desired to terminate the contract in 1956 so that John Pechacek could take over the contract and E. L. Pechacek would no longer be responsible.

In the final issue the jury found that " * * * on or about October 4, 1959, when John Pechacek delivered the check for $790.46 to A. D. Thompson it was agreed between them that it would be in full satisfaction of all claims and controversies between them."

Based upon the jury findings the trial court rendered judgment on March 21, 1962, that plaintiff, the appellant herein, take nothing by his suit against defendant, the appellee.

The appeal is based primarily on the proposition that the trial court erred in holding in effect that the agreement to settle for and the payment of the $790.46 constituted an accord and satisfaction and entering judgment for the appellee rather than to hold to the contrary and enter judgment for the appellant.

We think and the jury so found that the evidence on this trial was more than adequate to show that a full agreement as to the settlement of the various items claimed by the plaintiff under the terms of the contract in question and involved in this suit was arrived at and agreed upon by the appellant and John Pechacek and that there was an accord and satisfaction when John Pechacek made out his check in the agreed amount of $790.46 and handed it to the appellant.

▉ In his brief the appellant cites two cases, Burgamy v. Davis, Tex.Civ.App., 313 S.W.2d 365 and Firestone Tire & Rubber Co. v. White, Tex.Civ.App., 274 S.W.2d 452. These cases, neither of which has any writ history, recognize the well settled rule in Texas that when a claim is unliquidated or disputed and the debtor tenders his check to the creditor marked "in full payment" or "payment of account in full", the creditor is given the option either to accept the check as full payment or to return the check. The theory is that by cashing such a .check the creditor impliedly agrees to the conditions under which the check was tendered and there is a valid accord and satisfaction.

■ In this case, however, the parties had mutually agreed upon a settlement of all claims for the sum of $790.46. Thereafter the check in this amount was made out by John Pechacek and handed to the appellant who accepted it. Under these circumstances the appellant had no option. This settlement, mutually assented to by both parties in advance of the tender of the check, was fully executed and not executory. Nothing remained to be done by either of the parties to this agreement. There was an accord and satisfaction. The appellant's claims arising out of the original contract upon which this suit was based were extinguished.

In an opinion by Judge Smedley adopted by the Supreme Court the Commission of Appeals in Alexander et al. v. Handley, 136 Tex. 110, 146 S.W.2d 740, 743, reviewed various authorities in setting forth the law in Texas concerning accord and satisfaction. The following is quoted from that opinion: "It is sufficient here to cite well-considered decisions in which executory accords have been enforced in favor of debtors who, in accordance with the terms of such agreements, tendered performance which the creditors refused to accept. (Omitting cited authorities.)

"It is our opinion that the correct rule applicable to the contract and the facts of the instant case is that thus stated by Mr. Williston: 'If, however, it is the performance of the accord which is to be the satisfaction of the claim, the creditor may, on default in performance of the accord by the debtor, sue either on the accord or on the original cause of action.' Accord and Satisfaction, Williston, 17 Harvard Law Review, pp. 459, 465; Williston on Contracts, 1920 Ed., Vol. 3, p. 3170, Sec. 1848. The substance of this rule is incorporated in Section 417 of the Restatement of the Law of Contract, which section is as follows:

" 'Except as stated in Secs. 142, 143 with reference to contracts for the benefit of third persons and as stated in Sec. 418, the following rules are applicable to a contract to accept in the future a stated performance in satisfaction of an existing contractual duty, or a duty to make compensation:

" '(a) Such a contract does not discharge the duty, but suspends the right to enforce it as long as there has been neither a breach of the contract nor a justification for the creditor in changing his position because of its prospective non-performance.

" '(b) If such a contract is performed, the previously existing duty is discharged.

" '(c) If the debtor breaks such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract.

" '(d) If the creditor breaks such a contract, the debtor's original duty is not discharged. The debtor acquires a right of action for damages for the breach, and if specific enforcement of that contract is practicable, he acquires an alternative right to the specific enforcement thereof. If the contract is enforced specifically, his original duty is discharged.'

"The rules set out in the above-quoted section of the Restatement of the Law of Contracts make the obligations of a valid contract of accord binding both upon the debtor and upon the creditor."

The Supreme Court of Texas in Pacific Employers Ins. Co. v. Brannon in 150 Tex. 441, 242 S.W.2d 185, speaking through Justice Garwood, again specifically approved the holding in Alexander v. Handley, supra, in the following language: "Perhaps another thesis of the Court of Civil Appeals is this: that, as a matter of general law, accords or executory contracts of compromise are without legal effect, until acceptance by the claimant of the agreed sum or other thing promised by the debtor or defendant, so that up until such acceptance, the claimant may withdraw at his pleasure; that, such being the law, the aforementioned practice of the Board to the contrary is itself ineffective as purporting finally to approve something, which is (in the lan-

guage below) 'no settlement'. But the first premise if not clearly erroneous prior to Alexander v. Handley, 136 Tex. 110, 146 S.W.2d 740 [supra], has been so since 1941 when that important clarification of our law on the subject matter was written. While the decision recognizes the classic theory that a mere accord does not necessarily supersede the original claim, it may yet be said to stand for the general proposition that, in effect, the accord unbreached by the debtor is a defense against suit on the claim."

In 1 Am.Jur.2d, sec. 52 at page 348 it is stated: "If the accord constitutes a binding contract and it is fully performed, the performance satisfies the original claim and operates as a final bar to the demand or subject matter of the agreement for accord and satisfaction. So also, where the accord or new agreement itself is accepted in satisfaction, no action can be maintained on the old obligation. As a consequence, a valid accord and satisfaction renders unnecessary a consideration of the defense of the statute of frauds or of any defense on the merits to the items which were originally in dispute." To the same effect see 1 C.J.S. Accord and Satisfaction § 36, p. 540.

The following rule is contained in the Restatement of the Law of Contracts, sec. 418, p. 789: "A subsequent contract may itself be accepted as immediate satisfaction and discharge of a pre-existing contractual duty, or duty to make compensation; and if so accepted the pre-existing duty is discharged and is not revived by the debtor's breach of the subsequent contract."

It is a question of interpretation whether a subsequent agreement between creditor and debtor means that this agreement itself shall immediately discharge the earlier duty, and be substituted for it, or whether it is only performance of that agreement that shall have that effect.

The rule of this section was announced by the Court in Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 15 S.W. 556 (1891). Quoting from Chitty on Contracts, the court said: " 'Upon the whole, the true distinction would seem to be between the cases in which the plaintiff has agreed to accept the promise of the defendant in satisfaction, and those in which he has agreed to accept the performance of such promise in satisfaction; the rule being that, in the latter case, there shall be no satisfaction without performance, while in the former, if the promise be not performed, the plaintiff's only remedy is by action for the breach thereof, and he has no right to recur to the original demand.' " (Note this statement of the law appears to have been modified to some extent by the Supreme Court in Alexander et al. v. Handley, supra.)

In Ferguson-McKinney Dry Goods Co. v. Garrett, the Commission of Appeals of Texas, Tex.Com.App., 252 S.W. 738, 744, in an opinion adopted by the Supreme Court, approved the following statement of law set forth in the opinion of the Court of Civil Appeals which it had under review: " 'When parties agree that the promise shall be in satisfaction of the prior debt or duty, and it is accepted in satisfaction, then it operates as such, and bars the action on the old debt or duty. As to whether it has been accepted as such must be ascertained from the intention of the parties, and in case of dispute must be determined by the jury.' "

The appellant in this case contends that there was no accord and satisfaction because the check given him by John Pechacek had some conditions written on the back of it, the pertinent part reading, "If any of these cows appear I agree to pay John Pechacek for them." That this condition was not in line with their agreement.

The appellee's pleading alleges this condition as part of the agreed settlement and it is supported by the evidence considered by the jury. On cross-examination the appellant in response to questions concerning the endorsement stated in effect that he was not satisfied with the settlement and that he returned the check because he wanted to get more money. He further testified

that if any of the cows appeared he would not have permitted John Pechacek to pay for them (cattle he did not lose). There was additional testimony that appellant was present and saw John Pechacek write out the check with the endorsement on it just before it was handed to him.

The appellant further argues, and the record so reflects, that after accepting the check on October 4, 1959, he returned it to John Pechacek in a letter dated October 6, 1959 and "there are no authorities holding that the returning of a check without consideration will amount to an accord and satisfaction."

The following rule is announced in 1 C.J.S. Accord and Satisfaction § 37, pp. 542, 543: "Where the accord contemplates that payment, rather than the agreement for payment, of a specified amount shall be satisfaction, the agreed amount must be paid and accepted in accordance with the agreement. Conversely, there is satisfaction where the agreed amount is paid and accepted in full settlement. * * *

"There is no satisfaction where execution of the accord is prevented by stopping payment on a check. However, where a check for the full amount agreed on is accepted in payment, the debt is discharged regardless of whether or not the check is presented for payment."

In this connection see Rose v. Lilly, 170 S.W. 483 (Ark.), holding that after a check has been accepted as satisfaction a subsequent refusal to treat it as such and a failure to cash it will not revive the cancelled indebtedness.

In Columbus Mut. Life Ins. Co. v. National Life Ins. Co. of the United States, 100 Ohio St. 208, 125 N.E. 664, the court stated: "This defense tendered a valid plea of accord and satisfaction. The supplemental answer not only sets forth the contract of settlement, but alleges that the terms and conditions of said contract were carried out and the settlement completed with the payment by check for $200 which the plaintiff received and accepted in full compliance. If this allegation be true, the plaintiff below, after its acceptance of such check, and the payment by defendant of the costs of the action, as alleged, had no right to refuse to cash said check and to return same to the defendant. By its receipt and acceptance of the check of $200 without complaint the plaintiff thereby waived any cash consideration which it might have claimed, and acquiesced and accepted the check itself as full payment for damages it may have had against the defendant."

See also Interstate Life & Accident Co. v. Wilson, 52 Ga.App. 171, 183 S.E. 672, to the same effect.

Finally it appears in the light of the authorities that all of appellant's claims under the contract in question were extinguished when the check in the sum of $790.46 was handed to him following the agreement to settle. That if he has any action it must be against John Pechacek on the check and not against the appellee, E. L. Pechacek.

■ Under the law in Texas a liquidated claim as well as an unliquidated or disputed claim, such as the one involved in this case, may be discharged by an accord and satisfaction upon acceptance by the creditor of a lesser amount from a third person. The following rule is contained in the Restatement of the Law of Contracts, sec. 421, page 793, "A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it. * * *

"Whether such a transaction as is within the rule stated in the Section is regarded as a contract between the creditor and the third person for the benefit of the debtor, or whether the third person is regarded as acting on behalf of the debtor as an agent whose act may subsequently be ratified, the result is the same."

See also 1 Tex.Jur.2d, sec. 26, page 225.

■ Where there is a bona fide dispute between parties either as to the amount of a claim or as to ultimate liability thereon, and this dispute is settled by an agreement which has been executed, the matter is and should be at an end.

For the reasons and on the basis of the authorities above cited all of the points raised by the appellant are overruled and the judgment of the trial court is affirmed.