Bryan ADAMS, Appellant,

v.

AUSTIN SAVINGS AND LOAN ASSOCIATION et al., Appellee.

No. 8475.

Court of Civil Appeals of Texas, Beaumont.

Aug. 14, 1980.

Rehearing Denied Sept. 4, 1980.

James A. Brady, Austin, for appellant.

Edward C. Small, Austin, for appellees.

KEITH, Justice.

Plaintiff below appeals from a take nothing judgment which denied to him a recovery of damages he had sought in his suit alleging breach of contract, breach of warranty, and fraud involving the sale of lots in a subdivision and the financing of improvements thereon. Defendants were Austin Savings & Loan Association (hereafter "S&L") and its president, Wayne J. Riddell (hereafter simply "Riddell").

Plaintiff has appealed upon fourteen assignments which he has grouped into seven units for the purpose of argument. We affirm for the reasons now to be stated.

### Factual Statement

We are confronted with an immense record and our factual resume will be condensed severely so as to keep this opinion within reasonable limits.

In January, 1974, plaintiff and S&L entered into an elaborate and extensive written agreement whereby for a consideration in excess of one million dollars, plaintiff acquired certain lots in Las Cimas Subdivision in Austin. Under this agreement, S&L had certain obligations to perform with reference to construction of streets, financing homes and duplexes upon the lots, etc.

Plaintiff was a builder and real estate investor with extensive holdings and activities, many of his ventures being financed by S&L. As frequently happens in such cases, disputes arose between the parties, particularly when plaintiff went into technical de-

fault upon some of his obligations, while at the same time contending that S&L had failed to perform all of its obligations as agreed.

By April of 1975, upon plaintiff's default upon notes due upon certain duplexes he had purchased from one Neans financed by S&L, it posted notice of foreclosure thereon.

Thereafter, on April 11, 1975, plaintiff and S&L entered into an agreement, the introductory paragraph reading:

"This agreement is entered into this 11th day of April, 1975 by and between Bryan Adams and Austin Savings and Loan Association, for the consideration and subject to the terms and conditions stated herein."

This preamble was followed by eight numbered paragraphs, each dealing with a separate subject, and was followed by paragraph 9 which read:

"In consideration of the foregoing Agreement, Bryan Adams does hereby forever release and discharge Austin Savings from any and all claims or causes of action he might otherwise have ...."[1]

The 1975 agreement provided, inter alia, that plaintiff would receive, and he did collect, $25,000 in cash.

In his suit, plaintiff sought damages for the breach of the 1974 agreement; but sought no damages for the failure of S&L to perform the promises made in the 1975 agreement. Both defendants interposed the second or 1975 agreement containing the release and plead accord and satisfaction in bar to plaintiff's claims for damages for breach of the 1974 agreement. Plaintiff responded, by supplemental petition, contending that the release was conditioned upon performance by S&L of the promises contained in the second agreement; and, when it defaulted thereon, he was entitled to pursue his claim for damages for breach of the original contract.

Upon the trial of the case, many issues of fact were submitted to the jury and all

---

1. Paragraph 9 of the agreement is reproduced in its complete form as an appendix to this opinion.

were answered favorably to plaintiff's contentions and substantial damages were awarded.

The trial court sustained Riddell's motion for peremptory instruction and granted the motion of S&L for judgment non obstante veredicto. Plaintiff challenges such actions by appropriate points of error, not all of which will be mentioned in our disposition of the case. S&L also has a myriad of cross–points challenging the factual sufficiency of the evidence.

### Opinion

■ In our consideration of plaintiff's points of error, we are confronted with and recognize that judgment non obstante veredicto is authorized only in cases in which an instructed verdict would have been proper or where a special issue has no support in the evidence.

■ In considering the propriety of the granting of a motion for instructed verdict or a motion for judgment non obstante veredicto, a "no evidence" point of error is presented. In deciding such question, we must consider only the evidence and inferences which support the finding, disregarding all contrary evidence. *Lucas v. Hartford Accident & Indemnity Co.*, 552 S.W.2d 796, 797 (Tex.1977); *Henderson v. Travelers Insurance Co.*, 544 S.W.2d 649, 650 (Tex. 1976); *Eubanks v. Winn*, 420 S.W.2d 698, 701 (Tex.1967); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Plaintiff, while not contending in so many words that the second contract is ambiguous, does argue that "[t]he surrounding circumstances . . . point to performance being a condition of the agreement . . . [and] that it was the intent of the parties that the agreement require performance by [S&L] and not merely a promise to perform." Citing *Hohenberg Brothers Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976), he argues that the language found in paragraph 9 of the second agreement points "to performance being a condition of the agreement."

■ We do not share plaintiff's view of the holding in *Hohenberg.* The contract now in dispute was not executory nor were S&L's promises simply conditions precedent. Instead, as we view the instrument, it was a completed contract and the promises were covenants, not conditions. Making application of the "general rule" applied by the *Hohenberg* Court in its discussion of conditions and covenants, we are of the opinion that the language used in the second contract was a covenant and not a condition.

In the recent case of *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979), the Court reaffirmed the rule that "[a]n accord and satisfaction constitutes a bar to any action on the original contract." Thus, we must determine if S&L discharged its burden of establishing the affirmative defense of accord and satisfaction.

As stated in *Harris v. Rowe*, supra:

"This defense rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation in a manner otherwise than originally agreed. The tender of the alternate satisfaction is upon the condition that the acceptance will constitute a discharge of the underlying obligation."

At the risk of being redundant, but in order to relate our facts to the law as set out above, we note the language of the release:

"In consideration of the foregoing *Agreement* [not the performance of such agreement], Bryan Adams does *hereby forever release and discharge* [not upon performance of the promises, he will in the future release] Austin Savings from any and all claims or causes of action which he might otherwise have . . . ." [2]

■ Having accepted the new contract in lieu of his claims under the old agreement– including $25,000 cash which, presumptively, he still has in his pocket–plaintiff is in

---

**2.** All emphasis herein has been supplied unless otherwise indicated and bracketed material has been inserted.

no position now to claim the second agreement was only an executory agreement. *Hohenberg Brothers Co. v. George E. Gibbons & Co.*, supra.

The Texas rule set out in *Harris v. Rowe*, supra, is in accord with the rule stated in *Restatement of the Law of Contracts § 418 (1932):*

"A subsequent contract may itself be accepted as immediate satisfaction and discharge of a pre–existing contractual duty, or duty to make compensation; and if so accepted the pre–existing duty is discharged and is not revived by the debtor's breach of the subsequent contract."

We are considering an integrated written instrument wherein the parties have assented to the terms and conditions; therefore, the terms of the writing are conclusive. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). The trial court found no ambiguity, and that the release was a bar to any action on the original contract under *Harris v. Rowe*, supra (593 S.W.2d at 306). We agree.

We have examined the authorities cited by the plaintiff and do not find any to be in conflict with our views of the record. For instance, in *Anderson Development Company v. Producers Grain Corp.*, 558 S.W.2d 924 (Tex.Civ.App.–Eastland 1977, writ ref'd n.r.e.), relied upon plaintiff, the dispute was submitted to the jury on a single issue–the intent of the parties. Here we have a formal written agreement which the parties signed and accepted the benefits flowing therefrom.

Plaintiff's reliance upon *Alexander v. Handley*, 136 Tex. 110, 146 S.W.2d 740 (1941), is misplaced. There, the executory contract contained a paragraph which specifically provided that if the payment promised was not paid, the other party could sue to enforce his original demands. The holding in *Alexander v. Handley*, supra, was simple: because of the specific language in the contract, Handley could sue upon his original claim or the new agreement, at his election. The case is not applicable to our dispute.

Nor do we find *Economy Furniture, Inc. v. Jirasek*, 345 S.W.2d 951 (Tex.Civ.App.–Austin 1961, writ ref'd n.r.e.), which plaintiff cites three times in his brief, is applicable. There, the release specifically provided that it covered only damages up to the date thereof and did not include future damages. The jury awarded Jirasek $1750 for damages incurred after the date of the release. (345 S.W.2d at 957)

The appellees, S&L and Riddell, both invoke the doctrine of election of remedies as a defense to plaintiff's suit. In the light of the very recent opinion of the Supreme Court in *Bocanegra v. Aetna Life Insurance Co.*, 605 S.W.2d 848 (not yet reported except as 23 Tex.Sup.Ct.Jrl. 502, 1980), we do not address such contentions.

As a matter of law, plaintiff was bound by the terms of the release which he executed and the trial court properly entered judgment denying any recovery, notwithstanding the verdict of the jury. Each of plaintiff's points of error is overruled. We do not reach the cross–points contained in the briefs of appellees.

The judgment of the trial court is Affirmed.

CLAYTON, J., not participating.

### APPENDIX

"9. In consideration of the foregoing Agreement, Bryan Adams does hereby forever release and discharge Austin Savings from any and all claims or causes of action he might otherwise have against Austin Savings in connection with the alleged failure of Austin Savings to provide loan funds pursuant to an agreement dated January 28, 1974 between Bryan Adams and Austin Savings, and pursuant to a letter agreement dated September 18, 1974, or other claims or causes of action arising out of such agreements, except as specifically reserved below. Bryan Adams further releases and discharges Austin Savings from any and all claims or causes of action he might otherwise have against Austin Savings for any problems arising out of the channeliza-

tion of Walnut Creek, the determinations by the City of Austin and the U.S. Corps of Engineers concerning the location of the 25–year and 100–year flood plains in relation to the Las Cimas and Crystalbrook subdivisions, and any delays, alleged misrepresentations by Austin Savings, or any problems attributable to such flood plain determination and channelization of Walnut Creek, except as specifically reserved below. It is specifically agreed and understood, however, that such release shall not relate to any claim or cause of action arising out of the above described circumstances that might be brought by any third party against Bryan Adams, in which event Bryan Adams reserves the right to pursue a cross–action against Austin Savings, but only to the extent that Bryan Adams should be held liable to such third party.* Nothing herein shall be construed as any admission by Austin Savings of liability for any of the alleged claims described above, and Austin Savings hereby expressly denies any such liability. Under no circumstances should this agreement be construed as an assumption of liability by Austin Savings of any claims or causes of action by third parties against Bryan Adams."

"* If any claim is brought against Bryan Adams for any claim involving the above referenced flood plain problems by any party who purchased a lot from Bryan Adams, Austin Savings agrees to assume the responsibility for the defense of any such lawsuit."