IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00010-CV

 

Mary Ann Munoz,

                                                                                    Appellant

 v.

 

Debra Witt and Farmers 

Texas County Insurance Company,

                                                                                    Appellees

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2005-3350-1

 



MEMORANDUM  Opinion



 








            Mary Ann Munoz and Debra Witt were in
an auto accident after Witt allegedly failed to yield the right of way.  Munoz
hired attorney Joe Alfred Izen, Jr., who negotiated a $9,500 settlement with
Witt’s insurer, Farmers Texas County Insurance Company.  After receiving and
depositing Farmers’ settlement check, Izen realized that his firm had
miscalculated Munoz’s unpaid medical bills by omitting a large hospital bill,
and Munoz was unwilling to sign the release.  Izen sent his firm’s $9,500 check
to Farmers, explaining that Munoz could not settle for $9,500, given that her
unpaid medical bills were over $4,000 more than originally thought to be. 
Farmers deposited Izen’s check and thereafter refused to pay more than $9,500
to settle.  

After the two-year statute of limitations had run,
Munoz sued Witt for negligence and rescission and Witt and Farmers for breach
of contract or rescission.  The trial court granted Witt and Farmers’ amended motion
for summary judgment.  Munoz appeals, asserting in two issues that the trial
court erred in entering summary judgment and in denying Munoz’s motion for new
trial.[1]  We
will affirm.

            The statute of limitations for a
personal injury claim is two years.  Tex.
Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2006).  In most
cases, a personal injury cause of action accrues when a wrongful act causes an
injury.  Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998).  Witt
moved for summary judgment on her limitations affirmative defense.  The auto
accident occurred on October 1, 2003, and this suit was filed on October 10,
2005.  Munoz did not file suit within two years, so unless she can avoid the
statute of limitations, her negligence claim is time-barred.

            Munoz first contends that the running
of the two-year limitations period was tolled while the settlement agreement
was in effect, that it does not commence running until the settlement is judicially
rescinded, and that a “failed settlement” tolls the running of limitations.  We
address Munoz’s alternative rescission claim below, but we note now that
because there is no settlement agreement to rescind, the premise of her contention
fails.  Munoz is correct that, upon rescission of a contract, the parties are
restored to their former position—the status quo ante.  See Allen v.
Allen, 751 S.W.2d 567, 573 (Tex. App.—Houston [14th Dist.] 1988, writ
denied), disapproved on other grounds by Formosa Plastics Corp. USA v.
Presidio Eng’s & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998).  But
Munoz cites no authority for the proposition that, in the absence of a tolling
agreement, rescission of a settlement agreement revives an expired statute of
limitations or that a failed settlement tolls limitations.  Cf. Alexander v.
Handley, 136 Tex. 110, 146 S.W.2d 740, 741-43 (1941) (settlement agreement
contained tolling provision if payment not made).

            Munoz also pled three theories in
avoidance of Witt’s statute of limitations defense:  equitable estoppel; prior
payment; and waiver.  Equitable estoppel precludes a defendant from asserting limitations
as a defense when the defendant or her representative made a representation
that induced the plaintiff to delay filing suit until limitations had run.  Vaughn
v. Sturm-Hughes, 937 S.W.2d 106, 108 (Tex. App.—Fort Worth 1996, writ
denied).  The nonmovant must raise a material issue of fact on the following equitable
estoppel elements:  (1) a false representation or concealment of a material
fact; (2) the representation was made with knowledge or the means of knowledge
of the true facts; (3) the representation was made to a party without knowledge
or the means of knowledge of the true facts; (4) the representation was made
with the intention that it would be acted upon; and (5) the party to whom the
representation was made relied upon or acted upon it to his prejudice.  Frank
v. Bradshaw, 920 S.W.2d 699, 701 (Tex. App.—Houston [1st Dist.] 1996, no
writ).

            Munoz argues that there are fact issues
on whether the settlement agreement was repudiated and whether Farmers
considered it to be, and that with respect to equitable estoppel, a fact issue
exists because, according to Izen’s paralegal’s affidavit, unidentified Farmers
representatives told him several times in phone calls (after Farmers had
accepted back its money and accepted Munoz’s repudiation) that, “as far as
Farmers was concerned, the matter is settled.”

            As we hold below, there are no fact
issues on whether Munoz repudiated the settlement agreement and Farmers
accepted that repudiation.  Because Munoz’s law firm knew that Farmers had
accepted its money back, they knew that Farmers had accepted Munoz’s
repudiation of the $9,500 settlement.  They also knew that there was no longer
a “settlement agreement” because they knew that Farmers was willing to pay only
$9,500 to settle and that Munoz was unwilling to accept $9,500 to settle. 
Thus, the alleged telephonic misrepresentations could not have induced Munoz to
delay filing suit, thus rendering equitable estoppel unavailable.[2] 
Also, there is no evidence on Munoz’s (i.e., her attorney’s) actual reliance
on the alleged misrepresentation in not filing suit before limitations ran, thus
failing to create a fact issue on the fifth element.  Finally, the undisputed
evidence conclusively establishes the third element against Munoz:  her law
firm knew or had the means to know that Farmers did not consider the matter
settled, as we have just explained.

            Munoz pled that Farmers’ prior $9,500
payment was an advance payment that tolled the running of limitations.  Farmers’
$9,500 payment was not an advance payment; it was full payment in
settlement of all of Munoz’s claims and damages.  Cf.
Phipps v. Miller, 597 S.W.2d 458, 460-61
(Tex. Civ. App.—Dallas 1980, writ ref’d n.r.e.) (advance payment under
now-repealed statute tolled limitations).  Otherwise, Munoz cites no authority
on point for this proposition.

            Munoz pled that Witt waived the right
to assert limitations as a defense by retaining the $9,500 that Izen had
returned to Farmers while allegedly insisting that the claim had been settled. 
The waiver claim fails for the same reasons as the equitable estoppel claim
fails, and because, as we discuss below, the summary judgment evidence
conclusively establishes that Munoz repudiated the settlement agreement and
that Farmers accepted that repudiation.

            For the above reasons, the trial court
did not err in granting summary judgment on Munoz’s negligence claim against
Witt.

            Munoz sued Witt and Farmers for breach
of contract, seeking recovery of $9,500 payable under the settlement agreement
and attorney’s fees.  A breach of contract claim depends on the existence of a
valid, enforceable contract.  See Runge v. Raytheon E-Systems, Inc., 57
S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.).  There is no dispute that there
had been an agreement to settle Munoz’s personal injury claim for
$9,500.  Farmers claims representative Lisa Simpson wrote Izen on May 10, 2004:

Enclosed please find a check for the agreed
settlement amount of $9,500.00.  This is with the understanding that all bills
and/or liens, including but not limited to any and all hospital liens or
subrogations, will be paid from this amount.

 

Please have your client execute the enclosed
release form and forward to my attention.

 

Izen
deposited the Farmers check, but on May 12 wrote Simpson the following:

 

Tendered herewith is our firm check in the amount
of $9,500.00 which represents Farmers’ settlement check, in the like amount,
cashed by mistake.  After reviewing the medical records I find that Hillcrest Baptist Hospital has a $4,688.08 hospital lien which means that my client is
unable to comply with paragraph four of Farmers’ Release In Full Of All
Claims And Rights.

 

. . .

 

Of course my client and I would look forward to
further negotiation but I can not, in good faith, urge my client to accept a
$9,500.00 settlement offer when faced with $7,693.08 in out of pocket medical
costs.  

 

            In a May 21 letter, Simpson replied
that Munoz’s claim had been evaluated based on medical expenses of $7,871.00,
which included the Hillcrest bill, and that Farmers’ evaluation had not
changed.  Almost a year later, in a May 2, 2005 letter, Simpson wrote Izen
following up on their phone conversation that day:  “I can re-issue the
previous agreed to settlement check upon receipt of the signed release by your
client and her husband.”

            These undisputed facts establish that
Farmers did not breach the contract.  Munoz’s theory for how Farmers breached
the contract is that she did not repudiate the agreement to settle for $9,500
because there is an issue of material fact on whether Farmers accepted her
repudiation, relying in part on Simpson’s statement that she would re-issue a
$9,500 check and in part on the paralegal’s affidavit evidence with
unidentified Farmers representatives who allegedly said that the “matter was
settled.”

            A party’s performance under a contract
is excused if the other party repudiates a dependent promise.  See Glass v. Anderson, 596 S.W.2d 507, 511 (Tex. 1980); Ennis Bus. Forms, Inc. v. Gehrig,
534 S.W.2d 183, 189 (Tex. Civ. App.—Waco 1976, writ ref’d n.r.e.).  When one
party repudiates the agreement and refuses to be bound by material obligations,
the other party may accept that repudiation as final and is not required to
further regard the obligations imposed upon him thereby.  Dunham & Ross
Co. v. Stevens, 538 S.W.2d 212, 216 (Tex. Civ. App.—Waco 1976, no writ).

Parties may rescind their contract by mutual
agreement and thereby discharge themselves from their respective duties.  It is
a well established rule that the repudiation of a contract by one party
rescinds the contract when such repudiation is accepted by the other party.  If
the repudiation is not accepted by the other party, the contract is kept alive
for the benefit of both parties; the non-repudiating party, like the
repudiating party, remains subject to all obligations under the contract.  

 

Santa Fe Petroleum, L.L.C. v. Star Canyon Corp., 156 S.W.3d 630, 638 (Tex. App.—Tyler 2004, no
pet.) (internal citations omitted).  “Repudiation may be proven by words or
actions by a contracting party that indicate he is not going to perform his
contract in the future.  It is conduct that shows a fixed intention to abandon,
renounce, and refuse to perform the contract.”  In re Braddock, 64
S.W.3d 581, 585 (Tex. App.—Texarkana 2001, no pet.) (internal citations omitted). 
To repudiate a contract, the repudiating party must positively,
unequivocably, and unconditionally refuse to perform the contract prior to the
time fixed for performance.  Cooper
v. Wildman, 528 S.W.2d 80, 86 (Tex. Civ.
App.—Corpus Christi 1975, no writ) (op. on reh’g).

Izen’s May 12 letter (that Munoz would not sign the release and
that he “would look forward to
further negotiation”), Izen’s return of the $9,500 to Farmers,
Farmers’ acceptance and deposit of Izen’s check, and Farmers’ continued, consistent
refusal to pay no more than $9,500 in settlement indisputably established
Farmers’ acceptance of Munoz’s repudiation.  Farmers’ willingness to still pay
the originally agreed upon $9,500 (i.e., its willingness to allow Munoz
to withdraw her repudiation) is not evidence of Farmers’ rejection of Munoz’s
repudiation.  No genuine issues of material fact exist.

            Finally, because Munoz’s alternative
claim for rescission of the settlement agreement depends on the existence of a
valid, enforceable contract, and we have found that no contract exists because
Farmers accepted Munoz’s repudiation, no claim for rescission lies.

            For the above reasons, the trial court
did not err in granting Witt and Farmers’ summary-judgment motion.  We overrule
Munoz’s first issue.

            Because summary judgment was proper,
we also overrule issue two, which is that the trial court erred in not granting
the motion for new trial, which asserted that summary judgment was improper.

            Having overruled Munoz’s issues, we
affirm the trial court’s judgment.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed

Opinion delivered and
filed August 27, 2008

[CV06]









[1]               We review a trial
court’s summary judgment de novo.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  In reviewing
a summary judgment, we must consider whether reasonable and fair-minded jurors
could differ in their conclusions in light of all of the evidence presented.  See
Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all the evidence in the light most favorable to the
nonmovant, indulging every reasonable inference in favor of the nonmovant and
resolving any doubts against the motion.  See id. at 756.





[2]               Also, the alleged telephone statements
are irrelevant because they came after Farmers had accepted Munoz’s repudiation. 
Moreover, they are not inconsistent with Farmers’ position that the claim had
been settled for $9,500 and that Farmers was still willing to pay that
amount.  Farmers’ refusal to pay $9,500 when Munoz filed suit after limitations
had run and its position that it accepted Munoz’s repudiation do not turn the
alleged statements into misrepresentations.