**Leslie Gray HUNT, Appellant,**

**v.**

**Robert Lee HUNT, Jr., Appellee.**

**No. 348.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 1, 1970.

Marcial A. Knapp, Angleton, for appellant.

John D. Gilliland, Akin, Steinberg & Stanford, Dallas, Elmer McVey, Bryan, for appellee.

BARRON, Justice.

Leslie Gray Hunt, as plaintiff, filed a divorce action against her husband, Robert Lee Hunt, Jr., defendant, in the 85th Dis-

trict Court of Brazos County on September 23, 1968. Original answer and cross-action were filed by Mr. Hunt on October 7, 1968. Prior to any material action by the trial court on the pleadings above, Mr. and Mrs. Hunt consulted with an attorney in El Paso, Texas concerning the advisability of obtaining a divorce in the State of Chihuahua, Mexico. On the 8th day of October, 1968, the Hunts made personal appearances before the Court of the 3rd Judicial District in Juarez, Chihuahua, Mexico, submitted to the jurisdiction of said Mexican Court, and on the petition of Mrs. Hunt, divorce was granted to her in accordance with Mexican law. In conjunction with this divorce, a property settlement agreement was prepared, executed by the parties, and incorporated in the Mexican judgment of divorce. On the day the divorce was granted in Mexico, Mr. and Mrs. Hunt sent telegrams to their respective attorneys directing them to dismiss the divorce petitions and counterclaim filed in Brazos County. No further activity occurred in the Brazos County suit for approximately six months, when Mrs. Hunt filed her request for a commission to take the deposition of Mr. Hunt on April 21, 1969.

Meanwhile, on October 19, 1968, Mr. Hunt remarried and about the same time began regular payments of child support to Mrs. Hunt as ordered by the judgment of the Mexican court. Pursuant to the actions and demands of Mrs. Hunt in connection with the Brazos County suit, trial was set for September 29, 1969 on the merits of the case. Defendant filed on September 25, 1969 an instrument called "Defendant's Plea in Abatement," wherein defendant alleged that the plaintiff had accepted the benefits of the Mexican judgment, and that the Brazos County case on the divorce count was either then moot or that the doctrines of res judicata and estoppel by judgment applied. On September 29, 1969 the trial court, without objection from any party, conducted a full hearing on the plea in abatement described above, and after such

hearing the court rendered judgment in favor of defendant, Robert Lee Hunt, Jr., insofar as the divorce action was concerned, severed such action from the partition suit which plaintiff had filed alternatively, and ordered the partition suit between the parties placed on the trial court's docket as a separate suit under a separate number. It is noted that plaintiff had sued for a partition of property jointly owned by the parties in the event a divorce was denied by the court. The divorce case was dismissed.

The record is sufficient to show that the plaintiff, through her attorney, had timely paid the necessary fee for a trial of this action on the merits before a jury. However, when the trial court called the hearing on the "plea in abatement" above, no objection to such hearing before the court was made by the plaintiff or her attorney. Both parties fully participated in the hearing on the plea.

This appeal is by Leslie Gray Hunt, as appellant, complaining of the trial court's order dismissing her divorce action. Appellant contends that the trial court erred in sustaining the plea in abatement and dismissing the divorce action because appellant was entitled to a jury trial on such issues under the circumstances, and because a plea of res judicata is a plea in bar to be disposed of at the trial on the merits. Except as above, no contention is made that the trial court's judgment is based upon an error of substantive law.

We believe that we are required to overrule appellant's points of error, and that an affirmance of the judgment below is required.

■ First, there was no genuine dispute in the evidence concerning the obtaining of the Mexican divorce. The record shows that both parties willingly signed the settlement agreement and made personal appearances before the Mexican court in Juarez, though appellant alleged incapacity on the part of appellant, coercion, undue influence and fraud. None of the grounds were raised by the evidence. The record shows

that appellant was the movant in the Mexican proceeding, that she made her appearance before the court, and procured the granting of the divorce with knowledge of the meaning and effect of the judgment.

Appellant, however, earnestly contends that when a party has timely paid a jury fee and demanded a jury, she is entitled to a jury trial on the merits of the case. Under this record, however, we feel bound by the rule announced in the case of Hernandez v. Light Pub. Co., 245 S.W.2d 553 (Tex.Civ.App.), writ ref., where it was contended that the trial court committed error in hearing fact issues without a jury under similar circumstances, and that the court proceeded improperly to sustain the defendants' plea in abatement and held that appellant was an employee in advance of a trial on the merits of the case. In the Hernandez case the record did not reflect that any objection to such procedure was made or was urged upon the trial court before or during the hearing. The San Antonio Court of Civil Appeals, speaking through Justice Pope, stated:

"We may assume that a timely request for a jury was made in compliance with Rules 216 and 217, Texas Rules of Civil Procedure, but appellant came into court and entered upon a hearing before the court without objection and called upon the court to decide an issue of fact. After the court ruled adversely to his position, appellant will not be heard to complain that he was entitled to have a jury decide the fact question rather than the court. Appellant had a choice between submitting his fact questions to a court or a jury as the trier of facts, but his right to a jury could be waived if he chose that course, which we think he did by entering upon the hearing without complaint. Rule 220, T.R.C.P." (Citing cases.)

The Court of Civil Appeals further held that the nomenclature given a proceeding is of slight importance since the parties knew what issue was being tried.

We hold that the rule as announced in Hernandez v. Light Pub. Co., supra, and in similar cases is applicable here. Whatever name may have been given to the proceedings, the parties in fact separately tried an issue as provided by Rule 174(b). The discretion given the trial judge by such rule is about as broad as language can make it. See Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 734–735. See also Meridith v. Massie, 173 S.W.2d 799 (Tex.Civ.App.), writ ref., where similar procedure as above was stated to be not only permissible, but should be encouraged as commendable and expedient practice in a proper case. It is to be noted, however, that Rule 174(b), while broad and realistic, does not authorize separate trials of liability and damage issues in personal injury litigation, but we do not believe that such a special problem affects the rule which we have applied here and as announced in the Hernandez case above. See Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 650–651.

The judgment of the trial court is affirmed.