Jane H. BROWNING, et al., Appellants,

v.

Pat S. HOLLOWAY, et al., Appellees.

No. 20656.

Court of Civil Appeals of Texas, Dallas.

Feb. 13, 1981.

Rehearing Denied May 29, 1981.

R. Jack Ayres, Kelsoe & Ayres, Dallas, for appellants.

John A. Gilliam, Jenkins & Gilchrist, Royal H. Brin, Strasburger & Price, Dallas, for appellees.

Before CARVER, STOREY and STEPHENS, JJ.

STOREY, Justice.

This appeal results from a judgment entered in accordance with the terms of a prior settlement agreement between the parties to this suit.[1] Plaintiffs sued defendants alleging the breach of duties imposed by express and implied trusts. The subject matter of the suit involved large production payments and extensive property interests in producing as well as undeveloped oil and gas properties. Plaintiffs, among other relief sought, prayed for accounts of production payments, for actual and exemplary damages, and for imposition of constructive trusts upon certain mineral interests. Recognizing the complexity of the litigation with which they were confronted, the parties sought to settle the suit by reading into the court record a "stipulation of settlement." Plaintiffs later announced their repudiation of the settlement agreement before entry of judgment, but the trial court, after hearing, entered judgment in accordance with the agreement.[2] Implicit in this action of the court is a finding that the parties had entered into a final and complete settlement agreement. We need not determine whether this finding was erroneous, because we conclude the court erred in failing to afford a jury trial on a disputed issue of fact, namely, whether there had been a repudiation of the agreement by defendants. If so, plaintiffs were entitled to a jury trial on their underlying cause of action. If not, plaintiffs could only sue on the agreement, and their remedy would be for breach, also a jury question. Accordingly, we reverse and remand for further development of and findings upon these issues, and, if made necessary by the findings, for trial of plaintiffs' underlying cause of action.

1. Parties plaintiff included beneficiaries of an alleged trust, and parties suing in their behalf and in an individual capacity, as follows: Jane H. Browning, the wife of the late William W. Browning, Jr., with whom defendant Pat Holloway allegedly participated in a number of joint ventures for the production of oil and gas, individually, sues as co-independent executrix of her deceased husband's estate, and as next friend of her minor son, Robert H. Browning; Michael G. Starnes, also co-independent executor of the estate of William W. Browning, Jr., suing as co-executor, and as trustee for each of Mr. Browning's children; Catherine Agnes Land Starnes, the wife of Michael G. Starnes sues individually; Kathryn Louise Browning Cook, Arville Adams Browning, William Webb Browning, III, and Winifred Fallon Browning, all adult children of William W. and Jane H. Browning, sue individually.

Pat S. Holloway, the principal defendant, is alleged to have entered into a course of self-dealing, deception and mismanagement in derogation of the beneficial interests of the parties plaintiff, individually and through the corporate form of Holloway Exploration Co. and Humble Exploration Co. Robbie Holloway, wife of Pat Holloway, is also joined as a party defendant. A case brought by plaintiffs against Sterling Pipeline Co. was consolidated with that against the principal defendants, and was severed with the court's final judgment.

2. We note that the summary nature of this hearing afforded little opportunity for the proper consideration of the certainty of the agreement, both factually and legally. Because we remand the case for lack of a jury trial on an important factual issue, we consider it appropriate on remand to allow the trial court to make a more fully considered decision on the nature and extent of the agreement between the parties and to allow the parties to develop these issues in whatever manner the court deems appropriate in the light of this decision and of general principles of contract construction. *See, e. g., Scott v. Ingle Bros. Pac., Inc.,* 489 S.W.2d 554 (Tex.1972). We are especially moved in this regard by the apparent variance between some of the provisions of the judgment and those found in the stipulation of settlement.

On October 17, 1979, all parties and their attorneys being present in court, announcement was made to the court that a settlement had been made. The attorneys then endeavored to dictate the terms of the settlement into the record. In general, the settlement called for plaintiffs to release all causes of action against the defendants in exchange for a lump sum payment of $2,000,000, and deferred payments to be evidenced by a note for $13,000,000 payable $1,000,000 annually over thirteen years. The note was to be secured by deeds of trust and security agreements upon specified lands and producing wells. A constructive trust in favor of plaintiffs was to be imposed upon five specific producing wells. Numerous other matters relating to operation of producing wells and development of leases not then producing were agreed upon and dictated into the record. Before their agreement was reduced to judgment, plaintiffs, claiming defendants had not paid the initial $2,000,000 when due, withdrew their consent to the agreement, and set the case for trial on the merits.

On May 30, 1980, the attorneys were before the court for the purpose of disposing of all preliminary matters preparatory to trial on the merits which was set for the following Monday, some five days hence. One of the "preliminary matters" considered was defendant's "Motion to Enforce Stipulation of Agreement." The trial court conducted a hearing and received testimony on this motion. Thereafter, it entered the judgment from which this appeal is taken.

Plaintiffs contend on appeal that the trial court erred (1) in denying them a right to trial by jury on disputed issues of fact, (2) in entering judgment on a settlement memorandum when no final agreement had been reached as to all essential terms, (3) in entering judgment on the settlement memorandum when plaintiffs had withdrawn consent, (4) in entering judgment varying the terms of the original agreement, if any, (5) in failing to consider, or in failing to submit to a jury, the question of fraud in inducing agreement to settle the case, (6) in finding agreement when defendants were estopped from asserting that a settlement

agreement had been reached, (7) in entering the agreement as its judgment when defendants had repudiated the settlement agreement by their breach, and were therefore not entitled to seek enforcement of it, and (8) in finding the settlement memorandum was the final agreement of the parties when a novation involving a new agreement had supplanted the stipulation of settlement.

Defendants counter that the settlement agreement is enforceable as a contract despite any withdrawal of consent prior to the entry of judgment, and that plaintiffs were not entitled to a jury trial because they failed to request trial by jury or to pay a jury fee, and waived any right they may have had at the hearing on defendants' Motion to Enforce. Defendants also claim that their own pleadings were sufficient to put plaintiffs on notice as to the nature of the proceeding, but that plaintiffs failed to raise by pleading any issue as to estoppel, fraud, breach of the settlement agreement, or novation. Further, defendants contend that plaintiffs may not now be heard to say that there is no agreement, because they had previously filed their own motion to enforce it. Because of our conclusion stated above, we need not consider all of the contentions of the parties. We discuss the nature of the proceeding before the trial court, whether an issue of fact remained for trial, and whether plaintiffs were entitled to jury trial.

Insofar as plaintiffs rely on their withdrawal of consent prior to judgment as nullifying the settlement agreement, their reliance is misplaced. Plaintiffs read *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), and Tex.R.Civ.P. 11, to require all agreements between parties entered into in the course of a legal proceeding to be in writing and signed or read into open court and the court to enter judgment thereon so long as the parties maintain consent. This is the law only as to consent judgments. A party complying with rule 11 may enforce the agreement even after the other party has withdrawn consent, despite *Burnaman*,

according to the law of contracts. *Stewart v. Mathes*, 528 S.W.2d 116 (Tex.Civ.App.—Beaumont 1975, no writ). In *Stewart*, the Beaumont court stated the rationale:

> Consent judgments are subject to the law of contracts. We see no reason in not applying the law of contracts to settlement agreements themselves.... No onerous burden is placed on the recipient of the offer. That party merely has to decide whether to accept that offer, but once accepted, she should not be permitted to withdraw from the contract arbitrarily. Once the party elects to accept the offer, the election should be binding.
>
> . . . .
>
> The party making an offer which is accepted is then permitted to enforce the agreement in a suit upon the contract, either for breach or for specific performance.

*Id.* at 118–19. We see no reason to disagree with this statement.

█ Once it is accepted that the law of contracts governs these agreements, then it obviously follows that enforcement of the agreement must be supported by pleadings and proof.[3] *See Stewart v. Mathes, supra; Carter v. Carter*, 535 S.W.2d 215 (Tex.Civ. App.—Tyler 1976, writ ref'd n. r. e.). Nowhere do defendants' pleadings set up the settlement agreement in defense of plaintiffs' suit. Nevertheless, defendants have raised that defense in their motion to enforce the stipulation of settlement wherein they assert that the parties intended to and did settle the lawsuit and requested the court to enforce "the settlement agreement as stipulated into the record, declaring the rights of the parties thereunder, expressly denying all other relief requested in Plaintiffs' Third Amended Petition, and granting such other and further relief ...."[4] Further, plaintiffs anticipated this defense in their third amended petition by requesting, alternatively, damages for breach of the agreement by defendants. *See Raney v. White*, 267 S.W.2d 199 (Tex.Civ.App.—San Antonio 1954, writ ref'd). Clearly, plaintiffs had notice of the defense of accord and satisfaction raised by defendants, and they made no objection to the lack of pleadings. Plaintiffs do object, however, to the procedure by which this defensive matter was adjudicated, and did so at the hearing on defendants' motion to enforce.

█ Plaintiffs objected, when defendants' motion to enforce was heard, that they were denied a jury trial on relevant factual matters, and that the hearing on the motion was some sort of quasi-summary judgment proceeding. We disagree with plaintiffs' position insofar as the issues presented are subject to determination of matters of law. The interpretation of the settlement agreement is subject to the law of contracts, and the interpretation of contracts is a legal question for the court, unless there is ambiguity or unless surrounding facts and circumstances demonstrate a factual issue as to agreement. *See Scott v. Ingle Bros. Pac., Inc.*, 489 S.W.2d 554 (Tex.1972); *Murphy v. Dilworth*, 137 Tex. 32, 151 S.W.2d 1004 (1941). Here, however, the legal questions do not determine the defense, and the defense does not resolve the case. The case, therefore, never reached the point where relevant factual issues were properly resolved, and so re-

---

3. Rule 11, of course does not expand the rights of the parties. It is merely a procedural requirement that agreements between parties in the course of litigation be in writing and signed or read into open court in order to avoid disruption of the trial process through the difficulties of proof or defense of oral agreements. Compliance with the rule in no way obviates the necessity to plead and prove the fact and nature of agreement in the same fashion applicable to contracts generally.

4. A "motion to enforce" is not, under ordinary circumstances, a true pleading. Nevertheless, mindful of Tex.R.Civ.P. 1 and 71, we construe the document, despite its misnomer, as an amendment to the answer alleging the agreement as an accord and satisfaction. By the same reasoning, we cannot agree with defendants' argument that plaintiffs are estopped, or have judicially admitted, the fact of agreement by their own motion to enforce. That motion, if construed as a pleading, cannot be any more than an evidentiary admission because it has been superseded by plaintiffs' third amended petition, and was never urged upon the court to the point of obtaining a ruling.

mains undeveloped. The error lies, therefore, not in the separate trial of defensive issues, but in failing to try factual matters relating to the defensive issues, and to the merits of the case if necessary, before a jury.

■ The court erroneously determined that the agreement was intended to operate in accord and satisfaction of the plaintiffs' original cause of action against defendants. While the court merely entered judgment setting out substantially the agreement of the parties and made no express findings, the only theory on which the court could have correctly ruled that the affirmative defense of accord and satisfaction was established was that the agreement was intended not merely to displace the underlying cause of action until performance on the accord was tendered, but to discharge it entirely and substitute the new obligations imposed by the agreement. *See Alexander v. Handley*, 136 Tex. 110, 146 S.W.2d 740 (1941); Restatement of Contracts §§ 417–419 (1932); Williston, *Accord and Satisfaction*, 17 Harv.L.Rev. 459 (1904). Of course this assumes that the court found there was an agreement, that the agreement was in the terms set forth in the judgment, and that the agreement was intended to operate to discharge entirely the defendants' obligations under plaintiffs' original suit. We cannot agree that, under the circumstances of this case, the trial court could properly reach this conclusion by interpretation of the agreement before us. Indeed, experience and reason dictate the contrary. It is unreasonable to assume that plaintiffs would agree to a substitute promise where all performance was executory for a matured claim; or to substitute an agreement which the parties themselves characterized as "conceptual" in nature, as contrasted with plaintiffs' pleadings which request definite and immediate relief, because of

breach of trust involving the self-dealing of an express trustee. Consequently, we need not decide whether agreement was actually reached, or whether the judgment sets out the terms of that agreement, because we hold that the agreement was not intended to supplant the underlying cause of action, but only to hold it in abeyance until performance.

■ Additionally, we cannot interpret an agreement, though enforceable, which is not complete in its terms, to operate in complete satisfaction of the underlying cause of action. As dictated, the settlement sets out a detailed plan, remarkable more for its extensiveness than for its thoroughness.[5] The agreement was silent as to whether the note could be accelerated upon default. The form and content of deeds of trust and security agreements were undetermined, as were the form and content of releases to be given. A party could not be expected to exchange what, on its face, is a matured claim capable of accurate determination for an agreement that is not complete in its terms, and which thereby might not resolve all of the issues between the parties. We hold that the agreement is at best an executory accord, and, upon repudiation, a party may sue either upon the accord or upon the underlying cause of action. Plaintiffs have chosen to sue on the underlying cause of action, pleading alternatively breach of contract. While defendants may except to this pleading and require an election, plaintiffs do not so elect by pleading the two inconsistent causes of action alternatively. *See generally Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848 (Tex.1980).

■ The consequence of terming this agreement an executory accord rather than an accord and satisfaction, is that, upon failure of a party to perform under an executory accord, the other party may treat

---

5. Recognizing the difficulty involved in anticipating every material and procedural aspect of such a complicated agreement in resolving a complex set of asserted rights and obligations, the parties stipulated that the trial court, in its final judgment, could supply any elements found to be missing in the settlement agreement. We note in passing that such a contractual provision cannot operate to establish rights under a contract, because it is not a court's function to supply an agreement for the parties. *See Bradley v. Howell*, 126 S.W.2d 547, 560 (Tex.Civ.App.—Fort Worth 1939, writ dism'd judgmt cor.).

the accord as repudiated and claim rights either under the new agreement or under the underlying cause of action.[6] *Alexander v. Handley, supra.* Had some performance been tendered, or had the agreement been so complete as to compel the conclusion that a replacement agreement was intended, plaintiffs would have been limited in their right to recover for breach of the contract and could not have sued on the original cause of action. Because we consider the agreement to be an executory accord, we can affirm the trial court's judgment only if we conclude that the court impliedly found no repudiation by the defendants *and* no damages for breach of the contract, both of these issues being raised by the pleadings. Under the facts of this case, the court was not justified in trying these fact issues without a jury.

■ The above analysis depends, of course, on whether the plaintiffs have properly preserved their right to trial of these fact issues by jury. We hold that they have. Defendants strenuously argue that plaintiffs made no jury demand, and that there is nothing in the record to indicate a jury demand. We cannot agree. The trial court's docket sheet is in the transcript as part of the record, and on it we find the notation "JT" in the place reserved for noting whether a jury had been requested. Furthermore, in its pretrial order the court had instructed the parties to prepare issues and instructions for filing on the date of trial. The court also gave plaintiffs leave to file motions in limine on the date of trial. There can be little doubt that the court and the parties contemplated a trial by jury on the merits of the case.

■ We recognize, however, that ordinarily a jury demand is insufficient to secure the jury trial right unless accompanied by payment of the jury fee. Tex.R. Civ.P. 216. It is not disputed that the jury

fee had not been paid at the time of hearing on defendants' motion.[7] At this time the attorneys were in court in mid-week for the purpose of disposing of preliminary matters preparatory to trial on the following Monday. In this setting defendants' motion was called to be heard. While time remained for tender of the jury fee before the Monday trial setting, no opportunity for tender was presented before the hearing on defendant's motion. We have noted that this case was specially set for trial before a retired judge who had this case as his only docket. It is clear that no disruption, surprise or prejudice could result from recessing or continuing the hearing on defendant's motion to the trial date in order to present the remaining fact issues to a jury. Rule 216 requiring payment of the jury fee is not to be strictly construed; it is directory rather than mandatory. *Allen v. Plummer*, 71 Tex. 546, 9 S.W. 672 (1888); *Henderson v. Youngblood*, 512 S.W.2d 35 (Tex. Civ.App.—El Paso 1974, no writ). Accordingly, if it would not injure the adverse party and would not disrupt the court's docket, then it is error to deny the right to trial by jury. *Aronoff v. Texas Turnpike Authority*, 299 S.W.2d 342 (Tex.Civ.App.— Dallas 1957, no writ).

Nor can plaintiffs be said to have waived their jury trial right by participating in the non-jury hearing. As stated, plaintiffs strenuously objected to the proceeding specifically on the grounds that they were denied their right to trial by jury. These objections were sufficient to preserve the right. *See Hunt v. Hunt*, 453 S.W.2d 377 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553 (Tex.Civ.App.—San Antonio 1952, writ ref'd).

In view of our holdings, we need not address further the contentions of the par-

---

**6.** Plaintiffs characterize defendants' alleged failure to perform as a repudiation. Properly, the inquiry should be whether there was a breach, and, if so, whether the breach was material so as to give plaintiffs the election to rescind.

**7.** We cannot agree with plaintiff's assertion that any attempted payment of this fee to the bankruptcy court complied with rule 216. *F.D. I.C. v. National Surety Corp.*, 281 N.W.2d 816 (Iowa 1979).

ties. We reverse and remand for further proceedings consistent with our opinion.

Reversed and remanded.

## ON MOTION FOR REHEARING

Defendants urge on rehearing that we erroneously considered the agreement to be an executory accord, citing as authority RESTATEMENT OF CONTRACTS § 419 (1932) which creates a presumption of a satisfaction through the execution of a substitute agreement when the underlying claim is unliquidated. The damages sought here by plaintiffs' underlying claim are capable of a definite ascertainment. The action is one for breach of express trust and the imposition of constructive trusts on property and upon production payments. These are not matters to be arrived at by conjecture, like pain and suffering in a personal injury case. They are subject to a precise calculation. Accordingly, the presumption noted in § 419 of the RESTATEMENT OF CONTRACTS has no application. Our holding is based upon an examination of the face of the agreement which does not reveal that it was entered into in accord and satisfaction in the light of defendants' burden to establish the defense of accord and satisfaction. *See Jenkins v. Henry C. Beck*, 449 S.W.2d 454 (Tex.1969). Upon retrial, the surrounding facts and circumstances may create a fact issue as to whether the parties intended the agreement to operate in satisfaction of the underlying claim or merely to hold it in abeyance until performance. *Compare Ferguson-McKinney Dry Goods Co. v. Garrett*, 252 S.W. 738 (Tex.Com.App.1923, holding approved) *with Scott v. Ingle Bros. Pacific, Inc.*, 489 S.W.2d 554 (Tex.1972) *and Murphy v. Dilworth*, 137 Tex. 32, 151 S.W.2d 1004 (1941). We note that this may be one of several fact issues that may be raised by the pleadings and the evidence, including agreement, repudiation and fraud. We needed only to find one such fact issue, repudiation, that the court below erroneously decided without benefit of trial by jury.

Defendants also complain that we erred in failing to consider the following provision of the settlement agreement:

It is further understood and agreed that should any party fail to comply with the substantial terms of this agreement, that the court, upon notice of hearing, may on motion enter a judgment in accordance with the terms and conditions of this agreement as the court interprets them without prejudice.

Defendants contend that this provision operates as a waiver of trial by jury. We disagree. By its terms, the provision purports to clothe the court with supervisory power over the contract to the end that the court could supply such additional terms as are necessary to enforce the agreement, as well as to interpret it. In short, this stipulation reveals that the parties intended, as we noted in note 5 of the original opinion, to give the court impermissible powers. Looking at it another way, the parties, by this provision, sought to enter into a consent judgment in advance by giving the court the power to make the agreement its judgment. We considered this argument in connection with *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). Whatever the parties sought to do by this stipulation, it may not be interpreted as giving the court fact-finding power with respect to accord and satisfaction, breach or repudiation or any other fact issue.

Defendants next call upon us to make findings of fact from the record to support certain conclusions reached in our original opinion. We remain persuaded that the original opinion together with our comments on rehearing are sufficient. However, in connection with defendants' specific request that we point to references in the settlement agreement calling for execution of notes, security agreements, deeds of trust and the like, we merely point to the numerous representations made to the court by counsel for all parties. One of the more serious disagreements among counsel was the form to be used in preparation of closing documents. Specific mention was made of one eighteen-month note and of other security agreements and mortgages. One side insisted that standard State Bar of

Texas forms were contemplated, and the other apparently would not agree. It was represented to the court that several drafts of documents had been exchanged, and, although diligent effort had been made by both sides, agreement could not be reached as to form or content. While we might agree with defendants that the settlement agreement does not refer to these documents, it is obvious that they were contemplated by the parties.

Finally, defendants point out that our original opinion did not consider the award of fees made by the trial court to the attorney ad litem. This is the first time that we have been presented with this issue. A review of the record reveals that the minor for whom the attorney was appointed had his disabilities removed during the course of proceedings in the trial court. It is apparent, therefore, that the trial court's judgment made a final award of attorney ad litem fees and no complaint is made on appeal in this respect. Accordingly, defendants' motion for rehearing is granted, the trial court's judgment is affirmed with respect to the award of attorney ad litem fees and that part of the judgment severed. In other respects the judgment is reversed and remanded as in our original opinion.

Affirmed in part and reversed and remanded in part.