COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-206-CV
 
GLENN NEASBITT AND                                                                 
APPELLANTS
SALLY NEASBITT
V.
DAVID P. WARREN, D.V.M.                                                                 
APPELLEE
------------
FROM THE 17
TH DISTRICT COURT OF TARRANT
COUNTY
------------
OPINION
------------
I. INTRODUCTION
This appeal results from a judgment
rendered in accordance with the terms of a settlement agreement between the
parties. Appellants Glenn and Sally Neasbitt sued Appellee David P. Warren,
D.V.M. for money damages resulting from the death of a horse, which was
allegedly the result of veterinary medical negligence. The parties, through
counsel, agreed in open court to settle the case and recited the terms of the
agreement on the record. Appellants withdrew their consent to the agreement
before the judgment was entered. After a hearing, the trial court granted
Appellee's motion to enforce the settlement agreement. Because we conclude that
the trial court properly granted Appellee's motion, we affirm the trial court's
judgment.
II. FACTUAL SUMMARY
On October 12, 2001, which was the Friday
before the Monday on which trial was scheduled to commence, the attorneys for
both sides met with the trial court, indicated that a settlement agreement had
been reached, and dictated the agreement into the record. Appellants' counsel
stated that he had specific authority to enter into the agreement on behalf of
his clients.
On January 4, 2002, Appellants' counsel
filed a motion to withdraw as counsel, basing his withdrawal on his clients'
refusal to sign the settlement agreement. Appellants, acting pro se,
subsequently filed a letter stating that the settlement had fallen through
because of a disagreement over the terms. Ten days after filing the letter,
Appellants, again acting pro se, filed notice with the trial court stating that
they were withdrawing their consent to the settlement agreement. A few days
later, Appellee filed a motion to enforce the settlement agreement as a Rule 11
agreement. Appellants responded to this motion by arguing that (a) Appellee did
not properly plead a cause of action; (b) the parties failed to execute the
agreement; (c) the written agreement contained terms that were not dictated into
the record; (d) the settlement check had been negotiated without Appellants'
consent; (e) the settlement funds had been returned and accepted by Appellee;
and (f) Appellants effectively revoked the agreement.
The trial court conducted a hearing on the
motion to enforce the agreement on March 1, 2002 and heard sworn testimony from
Appellant Sally Neasbitt and from Appellee's attorney. The court ruled from the
bench, granting Appellee's motion to enforce the settlement agreement and
ordering the settlement funds to be placed in the registry of the court. The
trial court also entered a finding that "the record of the settlement
reflect[ed] that the [appellants] did consent to the settlement."
On March 15, the trial court signed an
order requiring Appellants to execute a compromise settlement agreement and a
release of judgment. The court also ordered that Appellants' lawsuit be
dismissed with prejudice, taxing costs against Appellants. Appellants filed a
timely notice of appeal.(1)
III. LEGAL ANALYSIS
In three points on appeal, Appellants
contend that the trial court erred by (1) granting Appellee's motion to enforce
the settlement agreement; (2) denying Appellants' motion for new trial; and (3)
allowing Appellants' Rule 329b motion to correct, modify, or reform the judgment
to be overruled by operation of law. We overrule each of Appellants' points.
A. Enforcing Settlement Agreements
In their first point, Appellants contend
that the trial court erred in granting Appellee's motion to enforce the
settlement agreement. According to Rule 11, no agreement between the parties or
their attorneys shall be enforceable unless the agreement is either (1) in
writing, signed by the parties, and filed as part of the record or (2) made
orally in open court and entered as part of the record.(2) 
A valid Rule 11 agreement must contain all essential terms of the agreement and
must be "complete within itself in every material detail."(3)
In this case, counsel for the parties
appeared before the trial court and stated on the record that a settlement
between the parties had been reached. Appellee's counsel then recited on the
record the terms of the agreement, which included the amount of money to be paid
by Appellee, the confidentiality provisions, the indemnification provisions, and
the disposition of the suit. Representing to the trial court that he had
Appellants' authority to settle the case, Appellants' counsel then stated on the
record that he agreed with everything Appellee's counsel had stated except the
indemnification provisions. After a short discussion, the attorneys resolved the
indemnification issue and consented to the detailed agreement on the record
before the trial court. Therefore, the attorneys entered into a valid Rule 11
agreement.(4)
Appellants argue that they withdrew their
consent and, therefore, the settlement agreement is null and void. We reject
this argument. It is true that a trial court cannot render a valid agreed
judgment if one party has withdrawn consent before the time the judgment is
to be rendered; however, a settlement agreement that complies with Rule 11 can
be enforced by the trial court after proper notice and a hearing.(5) 
"Once consent is withdrawn, an action to enforce a settlement agreement
must be based on proper pleading and proof."(6) 
Appellants correctly state that the proper remedy when consent is withdrawn is
the enforcement of a binding contract.(7) 
We must now determine whether Appellee properly pled a breach of contract cause
of action.
Appellants contend that Appellee wholly
failed to properly plead breach of contract and that Appellee failed to meet his
burden of proof with regard to the breach of contract. Accordingly, we must
decide whether, under the facts of this case, a motion to enforce a settlement
agreement can be considered a pleading such that Appellants had an opportunity
to defend themselves. We hold that, under the facts of this case, the motion
constitutes a proper pleading.
"A pleading is an original or amended
petition or answer, which may also include or constitute a response, plea, or
motion."(8)  "When a party has
mistakenly designated any plea or pleading, the court, if justice so requires,
shall treat the plea or pleading as if it had been properly designated."(9)
When determining the nature of a filing with the court, the contents of
the filing govern over the title of the document.(10) 
"[T]he purpose of pleadings is to give the adversary parties notice of each
[party's] claims and defenses, as well as notice of the relief sought."(11)
In a factually similar case, the Dallas
Court of Appeals held that a motion to enforce a settlement agreement was
sufficient to give a party notice of the defense and, thus, constituted a
pleading.(12) The parties in Browning
entered into an oral settlement agreement, and the plaintiffs subsequently
withdrew their consent to the agreement before judgment was entered, just as in
this case.(13) Applying Texas Rules
of Civil Procedure 1 and 71, the court determined that the defendant had raised
the breach of contract claim in its motion to enforce the settlement agreement.(14) 
Similarly, we hold that, under the facts of this case, the breach of contract
cause of action was properly pled in Appellee's motion.
In this case Appellee filed a motion to
enforce the agreement two days after Appellants withdrew their consent. The
motion specifically recited the terms of the agreement and stated that a
settlement check for $2,727 had been forwarded to Appellants along with the
written settlement agreement and release. The motion further stated that
Appellants had refused to sign the settlement documents, requested that the
motion be set for hearing with notice to all parties, and requested the trial
court to enforce the settlement agreement. The motion clearly stated the terms
of the agreement, detailed Appellants' breach of that agreement, and requested
relief for Appellee. We overrule Appellants' first point.
B. Opportunity to Defend
In Appellants' second point, they complain
that the trial court erred when it denied their motion for new trial. They
repeat their arguments that Appellee did not plead the proper cause of action.
We addressed and overruled the defective pleading arguments above. Appellants
also argue that the trial court erred when it denied their motion for new trial
because they had neither an opportunity to prepare a defense to Appellee's
breach of contract claim nor an opportunity to go to trial.
Appellee filed its motion to enforce the
agreement on January 16, 2002, and Appellants filed a response to the motion
thirty-seven days later. The hearing was not held until March 1, which was
forty-five days after the motion was filed. We note that Appellants never sought
a continuance so that they could properly respond to the contract claim.(15) 
Appellants do not argue that they did not have sufficient time to respond to the
motion to enforce. Instead, they only argue that they did not have the
opportunity to prepare a defense to the breach of contract cause of action.
Because we held above that Appellee properly pled breach of contract and because
Appellants did not preserve any error regarding their opportunity to defend
themselves, we hold that Appellants waived any argument pertaining to their lack
of opportunity to prepare a defense or to go to trial.(16) 
We overrule Appellants' second point.
C. Modification of the Judgment
Appellants contend in their third point
that the trial court erred in allowing their Rule 329b motion to correct or
modify the trial court's judgment to be overruled by operation of law.(17) 
Once again, Appellants' incorporate their arguments from points one and two,
which were overruled above. We will not address them again here. Appellants also
argue that they are being forced to sign an agreement against their free will
that contains false statements or statements that are less than true. Appellants
argue that the terms in the agreement that the trial court has ordered them to
sign were not agreed to at the settlement hearing.
The appellate brief must contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.(18) 
Appellants have presented a point without presenting any argument or authority
and, accordingly, have waived this point on appeal.(19) 
We overrule Appellants' third point.
IV. CONCLUSION
Having overruled each of Appellants'
points, we affirm the trial court's judgment.
 
                                                                   
   LEE ANN DAUPHINOT
                                                                   
   JUSTICE
 
PANEL B: DAUPHINOT, HOLMAN, and GARDNER,
JJ.
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 25.1(a).
2. Tex. R. Civ. P. 11.
3. Padilla v. LaFrance, 907 S.W.2d 454, 460 (Tex.
1995); CherCo Props., Inc. v. Law, Snakard & Gambill, P.C., 985
S.W.2d 262, 265 (Tex. App.--Fort Worth 1999, no pet.).
4. See Tex. R. Civ. P. 11; see also Padilla,
907 S.W.2d at 461 (stating that purpose of placing agreement before trial court
is to allow trial court to judge its importance and to act accordingly upon it);
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex.
1979).
5. Padilla, 907 S.W.2d at 461; Alcantar v.
Okla. Nat'l Bank, 47 S.W.3d 815, 819 (Tex. App.--Fort Worth 2001, no pet.).
6. Alcantar, 47 S.W.3d at 819.
7. See CherCo. Props., 985 S.W.2d at 265.
8. In re L.A.M. & Assocs., 975 S.W.2d 80, 84
(Tex. App.--San Antonio 1998, no pet.).
9. Tex. R. Civ. P. 71.
10. See id.; see also Wilson v. Kutler,
971 S.W.2d 557, 559 (Tex. App.--Dallas 1998, no pet.) (holding that request for
hearing cannot be treated as motion for new trial where nothing in request
suggests it was intended to be motion for new trial).
11. Perez v. Briercroft Serv. Corp., 809 S.W.2d
216, 218 (Tex. 1991).
12. Browning v. Holloway, 620 S.W.2d 611, 615
(Tex. Civ. App.--Dallas 1981, writ ref'd n.r.e.).
13. Id. at 613.
14. See id. at 615; see also Tex. R.
Civ. P. 1, 71.
15. See Tex. R. App. P. 33.1(a); see also
Magnuson v. Mullen, 65 S.W.3d 815, 829 (Tex. App.--Fort Worth 2002, no
pet.) (holding that error was not preserved where motion for continuance was
contingent upon whether a hearing on the motion was required).
16. See Magnuson, 65 S.W.3d at 829.
17. Tex. R. Civ. P. 329b.
18. Tex. R. App. P. 38.1(h).
19. See id.; see also CherCo Props., 985 S.W.2d
at 266-67 (holding that every appellant's brief must contain a clear and concise
argument in support of its contentions, including appropriate citations to
authorities and to the record).