**REVERSE and REMAND and Opinion Filed July 7, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-01020-CV

**MEHULKUMAR PATEL, CHIRAG PATEL, AND JAYSON PATEL,
Appellants
V.
GONZALEZ HOTELS, LLC AND MAHESH PATEL, Appellees**

**On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-16-10453**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

This suit arises from a dispute over a rule 11 agreement concerning the expenses of running a Texas hotel. Appellee Mahesh Patel won a summary judgment to enforce the agreement. Appellants argue that this the summary judgment was erroneous because Mahesh never pleaded a contract claim that would support this sort of summary relief. Because we agree, we reverse the trial court's judgment and remand for further proceedings.

## BACKGROUND

Gonzalez Hotels, LLC owns and operates a Days Inn in Gonzalez Texas. When Gonzalez Hotels was formed, Mahesh Patel and appellant Mehulkumar Patel were each member-owners of the company. In 2012, the parties entered an agreement that changed the ownership of the company so that each of the three appellants here owned 16.667% of the company. Mahesh retained a 50% stake.

In the years that followed, Gonzalez Hotels struggled financially, and there was evidence that Mahesh made over $300,000 in capital contributions to keep the company afloat. According to Mahesh's affidavit, appellants made no contributions to the company and instead withdrew money from its accounts, unbeknownst to Mahesh.

In 2016, Mahesh[1] sued appellants for breach of fiduciary duty, conversion and fraudulent transfers, Theft Liability Act violations, and breach of the company's governing documents. For this last claim, Mahesh sought to hold appellants liable for their withdrawals from company accounts and for their failure to make contributions to the company in proportion to their ownership percentages, as Mahesh alleges was required by the company's governing documents.

---

[1]Gonzalez Hotels also purportedly joined the suit against appellants. Questions later arose, though, about Mahesh's legal right to cause Gonzalez Hotels to sue appellants, given that Mahesh was only a 50% owner of the company. Regardless, Gonzalez Hotels was awarded nothing in the trial court's final summary judgment. Because Gonzalez Hotels's role as a party is disputed and ultimately immaterial to the outcome of this appeal, we treat Mahesh as the only plaintiff and appellee for purposes of this opinion.

In 2018, following mediation, the parties entered a rule 11 agreement. One term in the agreement provided that appellants consented to the entry of an agreed judgment making them liable for half of Mahesh's past and future contributions to the company. Another term specified the amount of appellants' liability for Mahesh's past contributions. Days after the rule 11 agreement was filed with the court, Mahesh filed a motion to enforce the agreement.

By 2020, appellants had changed counsel and withdrawn their consent to the rule 11 agreement. However, Mahesh did not amend his pleadings to set out a claim for breach of the agreement. He instead filed a motion for summary judgment and enforcement of the agreement. The stated goal of the motion was to obtain an agreed judgment to enforce the terms of the agreement.

Appellants filed a response to the motion in which they raised several arguments, one of which was their theory that Mahesh could not prevail on summary judgment without pleading a claim for breach of the rule 11 agreement. Appellants reasoned that since they had withdrawn their consent to an agreed judgment, Mahesh could no longer obtain an agreed judgment, and his only recourse was to plead a claim for breach of contract predicated on the rule 11 agreement. Appellants noted that Mahesh had never amended his petition to include such a claim, and appellants argued that Mahesh's motion to enforce the rule 11 agreement could not act as a substitute for pleading such a claim.

After considering the evidence, the trial court rendered a final summary judgment in Mahesh's favor. The summary judgment awarded Mahesh roughly $200,000 against each appellant, along with attorney's fees and interest.

**ANALYSIS**

On appeal, appellants urge many arguments, but the one that resolves this case is their argument concerning Mahesh's failure to plead a contract claim premised on the rule 11 agreement.

Written settlement agreements may be enforced as contracts even if one party withdraws consent before judgment is entered on the agreement. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995)). When consent is withdrawn, however, the agreed judgment that was part of the settlement may not be entered. *Id.* The party seeking enforcement of the settlement agreement must pursue a separate claim for breach of contract, *id.* which is subject to the normal rules of pleading and proof. *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996).

Mahesh argues that his motion to enforce the rule 11 agreement should act as a substitute for the separate contract claim that he would otherwise be required to plead. According to Mahesh, this motion served the same function as a formally pleaded contract claim. Controlling precedent compels us to disagree.

"Motions are not the functional equivalents of pleadings . . . ." *Rupert v. McCurdy*, 141 S.W.3d 334, 339 (Tex. App.—Dallas 2004, no pet.). A pleading

determines and gives notice of the issues for trial. *Id.* In contrast, a motion is an application for an order. *Id.* Motions may be accepted or rejected by the court, whereas pleadings, if they sufficiently predate the trial, may be submitted and amended freely by the parties without the necessity of court approval. *Id.* Thus, "insufficient similarities exist between a motion and a pleading to allow them to carry the same legal significance." *Id.*

We have applied this principle to situations much like the one at hand, wherein the parties entered a rule 11 settlement agreement, but one side later withdrew consent to the agreement, and the other side filed a motion to enforce the agreement. *See Cadle Co. v. Castle*, 913 S.W.2d 627, 630 (Tex. App.—Dallas 1995, writ denied). In *Cadle*, when the plaintiff's failure to plead a separate contract claim came into question on appeal, we rejected the idea that the motion to enforce the rule 11 agreement could serve in the stead of a pleaded contract claim. *Id.* at 632. We emphasized the litigant's "right to be confronted with appropriate pleadings," and we held that the motion to enforce was simply "an insufficient 'pleading'" to vindicate that right. *Id.*

The same sequence—settlement, withdrawal of consent to the settlement, and filing a motion to enforce the settlement—played out with similar results in *Crump v. Crump*, No. 05-04-01515-CV, 2005 WL 2841146, at *1 (Tex. App.—Dallas Oct. 31, 2005, no pet.) (mem. op.). We noted that the proponent of the agreement had failed to plead a contract claim, and "[a]s in *Cadle,* the only document to support

enforcement of the mediation agreement is the 'Application for Approval of Agreement to Settle Estates.'" *Id.* We again held that this filing was inadequate to satisfy the litigant's "right to be confronted by appropriate pleadings." *Id.*; *see Gunter v. Empire Pipeline Corp.*, 310 S.W.3d 19, 22 (Tex. App.—Dallas 2009, pet. denied) ("Empire had no pleadings to support rendition of judgment on the settlement agreement. It included a prayer for enforcement of the agreement in its response to Gunter's motion to vacate, but that is not a sufficient pleading for these purposes.").

Mahesh, though, cites a case from this court that cuts against *Cadle*, *Crump*, and *Gunter*. *See Browning v. Holloway*, 620 S.W.2d 611, 615 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.). In *Browning*, we ruled that the defendants effectively pleaded a contract defense related to a rule 11 agreement by discussing it in their motion to enforce the agreement.

*Browning* is distinguishable for two reasons. First, it concerns the defendants' pleading of a defense, not a plaintiff's pleading of an affirmative contract claim for relief as in this case. Second, the plaintiffs in *Browning* had already pleaded a contract claim for breach of the settlement agreement, which according to our opinion showed that the plaintiffs "anticipated" the defendants' contract defense, and that in turn lessened the notice concerns that normally accompany pleading defects. *Id.* By contrast, here, appellants objected to Mahesh's failure to plead a

contract claim, which brought notice concerns into sharp relief. Thus, *Browning* is distinguishable, dated, and outnumbered. *Cadle*, *Crump*, and *Gunter* control.

## CONCLUSION

Because there was no pleaded contract claim to support the trial court's award, *see* TEX. R. CIV. P. 301, and because Mahesh's motion was an inadequate substitute for such a pleading, the trial court erred in granting summary judgment. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

201020F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEHULKUMAR PATEL, CHIRAG
PATEL, AND JAYSON PATEL,
Appellants

No. 05-20-01020-CV          V.

GONZALEZ HOTELS, LLC AND
MAHESH PATEL, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-10453.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **REVERSED** and this cause is **REMANDED** to the trial court for further
proceedings consistent with this opinion.

It is **ORDERED** that appellants MEHULKUMAR PATEL, CHIRAG
PATEL, AND JAYSON PATEL recover their costs of this appeal from appellees
GONZALEZ HOTELS, LLC AND MAHESH PATEL.

Judgment entered this 7th day of July 2022.